M. Randall Oppenheimer (SBN 77649)
Dawn Sestito (SBN 214011)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail: roppenheimer@omm.com
E-Mail: dsestito@omm.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Jaren Janghorbani (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-Mail: twells@paulweiss.com
E-Mail: dtoal@paulweiss.com
E-Mail: jjanghorbani@paulweiss.com

*Attorneys for Defendant*
*Exxon Mobil Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Oakland City Attorney BARBARA J. PARKER,<br><br>Plaintiff and Real Party in Interest,<br><br>v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXONMOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>Defendants. | First Filed Case: No. 3:17-cv-6011-WHA<br>Related Case: No. 3:17-cv-6012-WHA<br><br>**EXXON MOBIL CORPORATION'S RESPONSE TO MARCH 21, 2018 NOTICE TO DEFENDANTS RE TUTORIAL**<br><br>Case No. 3:17-cv-6011-WHA |

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney DENNIS J. HERRERA,<br><br>Plaintiff and Real Party in Interest,<br><br>v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXONMOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>Defendants. | Case No. 3:17-cv-6012-WHA |

Defendant Exxon Mobil Corporation ("ExxonMobil") submits this statement in response to the Court's March 21, 2018 Notice to Defendants re Tutorial ("Statement"). No. 3:17-cv-6011, ECF No. 178.

## BACKGROUND

On February 27, 2018, the Court issued a Notice re Tutorial. ECF No. 135. That Notice invited "counsel to conduct a two-part tutorial on the subject of global warming and climate change," and scheduled the tutorial for March 21, 2018. *Id.* The Court's invitation directed counsel to (i) "trace the history of scientific study of climate change," and (ii) "set forth the best science now available on global warming, glacier melt, sea rise, and coastal flooding." *Id.* The following week, on March 6, 2018, the Court instructed counsel to address specific questions during the tutorial. ECF No. 138. On March 20, 2018, ExxonMobil filed a motion contesting the Court's personal jurisdiction. ECF No. 168. The tutorial was held the following day. Counsel for defendant Chevron Corporation ("Chevron"), over which this Court has personal jurisdiction, presented at the tutorial. The Court explained that "to be fair [to] all of you who have objected to jurisdiction and/or service of process, this will be deemed to be a special appearance." Tutorial Tr. at 6:9-11. After the tutorial ended, the Court ordered all non-presenting defendants to submit a statement explaining the extent to which they are aligned with statements made by counsel for Chevron. ECF No. 178.

## PURPOSE OF TUTORIAL

At the beginning of the March 21 tutorial, the Court clarified the tutorial's purpose. Your Honor stated: "This is not a trial. In these technology cases . . . we often have these tutorials so that the poor Judge can learn some science, and it helps to understand the science." Tutorial Tr. at 6:25–7:4. "[T]he purpose" is "to try to educate the Judge." *Id.* at 7:9-10. The Court further explained: "[The experts] are not going to be under oath. This is not cross-examination. That will all come later if we get that far." *Id.* at 9:1-3.[1]

---

[1] Consistent with these instructions, other courts in this district have stated that the purpose of a tutorial "is to allow each party to inform the Court about the background of the technical information which is involved in the case and the nature of the dispute." *U.S. Ethernet Innovations, LLC* v. *Acer, Inc.*, No. C 10-03724 JW, 2010 WL 9934741, at *4 (N.D. Cal. Dec. 21, 2010). Thus, typically, "[s]tatements made during [a] tutorial may not be cited as judicial

1

EXXON MOBIL CORPORATION'S RESPONSE TO MARCH 21, 2018 NOTICE TO DEFENDANTS RE TUTORIAL
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

**STATEMENT**

In keeping with the educational purpose of the March 21 tutorial, and without waiver of objections to the Court's jurisdiction, ExxonMobil offers this Statement in response to the Court's order seeking an explanation regarding the extent to which ExxonMobil is aligned with statements made by counsel for Chevron.

- The risk of climate change is clear, significant, and warrants comprehensive policies to understand and address the risk. *See* Tutorial Tr. at 82:11-12.

- Addressing the risk of climate change, providing economic opportunity, and lifting billions out of poverty are interrelated issues that require practical, cost-effective, global solutions. *See id.* at 82:13-15.

- The climate system is warming in part due to increased concentrations of greenhouse gases in the atmosphere. *See id.* at 90:15-24.

- Human activities, including the combustion of coal, oil, and natural gas—and driven largely by population size, economic activity, lifestyle, energy use, land use patterns, technology, and climate policy—have increased the concentration of greenhouse gases in the atmosphere. *See id.* at 126:25–127:2.

- The Intergovernmental Panel on Climate Change ("IPCC") is an international body that assesses the state of climate science and policy options for adapting to, and mitigating, risks associated with a changing climate. *See id.* at 84:13-18.

- IPCC Assessment Reports provide contemporaneous analyses of existing climate science research. *See id.* at 85:24–86:1. The Assessment Reports are a reference point for understanding how scientific knowledge and confidence regarding human influence on climate have evolved over the past 30 years. *See id.* at 87:9-12.

---

admissions against a party." *Id.* "The substantive content of a tutorial is *purely* for the [judge's] background. While a transcript of the proceeding is made and copies of materials are provided to the [judge] and the parties, none of those materials thereby become part of the evidentiary record . . . ." Peter S. Menell et al., Section 337 Patent Investigation Management Guide § 7.6 (2012) (emphasis added). Tutorial presentations may include "demonstrations, expert testimony, or audio-visual materials," but cross examination is not permitted. *Ethernet Innovations*, 2010 WL 9934741, at *4.

2

EXXON MOBIL CORPORATION'S RESPONSE TO MARCH 21, 2018 NOTICE TO DEFENDANTS RE TUTORIAL
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

- The climate models relied on by the IPCC are better suited to model the potential influence of increased greenhouse gas concentrations on global mean temperature than to identify local impacts—including glacier melt, sea level rise, and coastal flooding—associated with a warming climate system. *See id.* at 158:1-17.

## **CONCLUSION**

ExxonMobil takes the position that the above Statement—and statements offered by counsel for Chevron at the March 21 tutorial—are not judicial admissions. And, although IPCC Assessment Reports are a reference point for understanding how scientific knowledge and confidence have evolved over the past 30 years and contain a wide range of data and potential outcomes, ExxonMobil does not adopt every statement made in each of the five Assessment Reports published to date. Finally, ExxonMobil shares the view expressed by counsel for Chevron at the tutorial that "the resolution of climate science issues aren't going to be determinative here for all the reasons in our motion to dismiss." *Id.* at 82:7-8. At its core, this case is "about whether a tort suit like this one is the right way to debate and decide those policy choices." *Id.* at 83:12-14.

3

EXXON MOBIL CORPORATION'S RESPONSE TO MARCH 21, 2018 NOTICE TO DEFENDANTS RE TUTORIAL
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

| | |
|---|---|
| DATED:  April 4, 2018 | Respectfully submitted,<br><br>By: */s/ Dawn Sestito*<br><br>M. Randall Oppenheimer (SBN 77649)<br>Dawn Sestito (SBN 214011)<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, California  90071-2899<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407<br>E-Mail:  roppenheimer@omm.com<br>E-Mail:  dsestito@omm.com<br><br>Theodore V. Wells, Jr. (*pro hac vice*)<br>Daniel J. Toal (*pro hac vice*)<br>Jaren Janghorbani (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>E-Mail:  twells@paulweiss.com<br>E-Mail:  dtoal@paulweiss.com<br>E-Mail:  jjanghorbani@paulweiss.com<br><br>*Attorneys for Defendant*<br>*EXXON MOBIL CORPORATION* |

4