M. Randall Oppenheimer (SBN 77649)
Dawn Sestito (SBN 214011)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail: roppenheimer@omm.com
E-Mail: dsestito@omm.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Jaren E. Janghorbani (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-Mail: twells@paulweiss.com
E-Mail: dtoal@paulweiss.com
E-Mail: jjanghorbani@paulweiss.com

*Attorneys for Defendant*
*Exxon Mobil Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Oakland City Attorney, BARBARA J. PARKER,<br><br>Plaintiff and Real Party in Interest,<br><br>v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS, a Delaware corporation, EXXONMOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>Defendants. | First Filed Case: No. 3:17-cv-6011-WHA<br>Related Case: No. 3:17-cv-6012-WHA<br><br>**DEFENDANT EXXON MOBIL CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 3:17-cv-6011-WHA<br><br><u>HEARING</u><br><br>DATE: MAY 24, 2018<br><br>TIME: 8:00 A.M.<br><br>LOCATION: COURTROOM 12, 19TH FLOOR<br><br>THE HONORABLE WILLIAM H. ALSUP |

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney DENNIS J. HERRERA,<br><br>    Plaintiff and Real Party in Interest,<br><br>    v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS, a Delaware corporation, EXXONMOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>    Defendants. | Case No. 3:17-cv-6012-WHA |

**TABLE OF CONTENTS**

ARGUMENT .................................................................................................................................... 1

    I.    The Cities Cannot Evade the Well-Settled Rule That the Defendant's Forum Contacts Must Be a "But For" Cause of the Plaintiff's Injury ....................................... 2

    II.    The Cities' Brief Improperly Conflates Nuisance Theories of Liability with the Standards for Personal Jurisdiction ................................................................................ 5

    III.    ExxonMobil's Petition for Limited, Pre-Suit Discovery in Texas Bears No Resemblance to This Case, and the Cities' Attempt to Link the Two Cases is a Further Distraction ........................................................................................................ 7

    IV.    Discovery Cannot Cure the Complaint's Jurisdictional Defects ................................... 8

CONCLUSION ................................................................................................................................ 8

i

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AEP* v. *Connecticut*,
    564 U.S. 410 (2011)...................................................................................................................7

*AT&T Co.* v. *Compagnie Bruxelles Lambert*,
    94 F.3d 586 (9th Cir. 1996).........................................................................................................5

*Bristol-Myers Squibb* v. *Superior Court*,
    137 S. Ct. 1773 (2017)............................................................................................................3, 5

*Burrage* v. *United States*,
    134 S. Ct. 881 (2014).............................................................................................................2, 7

*Campanelli* v. *Image First Unif. Rental Serv., Inc.*,
    No. 15-cv-04456-PJH, 2016 WL 4729173 (N.D. Cal. Sept. 12, 2016) .......................................5

*Cent. States, Se. & Sw. Areas Pension Fund* v. *Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000).......................................................................................................5

*Daimler AG* v. *Bauman*,
    134 S. Ct. 746 (2014)..................................................................................................................7

*Dubose* v. *Bristol-Myers Squibb Co.*,
    No. 17-cv-00244-JST. 2017 WL 2775034 (N.D. Cal. June 27, 2017) .......................................2

*E.E.O.C.* v. *AMX Communications, Ltd.*,
    No. WDQ–09–2483, 2011 WL 3555831 (D. Md. Aug. 8, 2011) ................................................6

*Exxon Mobil* v. *Att'y Gen.*,
    479 Mass. 312 (2018)..................................................................................................................7

*GCIU–Employer Retirement Fund* v. *Coleridge Fine Arts*,
    700 F. App'x 865 (10th Cir. 2017) .............................................................................................6

*Hendricks* v. *New Video Channel America*,
    No. 2:14–cv–02989–RSWL–SSx, 2015 WL 3616983 (C.D. Cal. June 8, 2015) ........................4

*Keeton* v. *Hustler Magazine*,
    465 U.S. 770 (1984).....................................................................................................................2

*Kingsley Capital Management, LLC* v. *Members of Bd. of Directors of Park Ave. Bank
    of New York as of 2008*,
    No. CV 12–00418, 2012 WL 3542321 (D. Ariz. Aug. 15, 2012).................................................5

ii

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

*Massachusetts* v. *EPA*,
    549 U.S. 497 (2007) ............................................................................................................. 6, 7

*Mavrix* v. *Brand Technologies*,
    647 F.3d 1218 (9th Cir. 2011) ..................................................................................................... 4

*Mendez* v. *Pure Foods Management Group, Inc.*,
    No. 3:14-cv-1515, 2016 WL 183473 (D. Conn. Jan. 14, 2016) ......................................................... 6

*Native Vill. of Kivalina* v. *ExxonMobil Corp.*,
    663 F. Supp. 2d 863 (N.D. Cal. 2009) ................................................................................................ 6

*Native Vill. of Kivalina* v. *ExxonMobil Corp.*,
    696 F.3d 849 (9th Cir. 2012) ............................................................................................................. 6

*Shute* v. *Carnival*,
    897 F.2d 377 (9th Cir. 1990) ............................................................................................................. 3

*Walden* v. *Fiore*,
    134 S. Ct. 1115 (2014) ....................................................................................................................... 4

*Wilden Pump & Engineering Co.* v. *Versa-Matic Tool, Inc.*,
    No. 91-1562 SVW (SX), 1991 WL 280844 (C.D. Cal. July 29, 1991) ............................................. 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2) ....................................................................................................................... 1

iii

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Exxon Mobil Corporation ("ExxonMobil") respectfully submits this reply memorandum of points and authorities in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss it from this case for lack of personal jurisdiction.

## ARGUMENT

In its opening brief, ExxonMobil demonstrated that a plaintiff seeking to hale an out-of-state defendant into court must plead that the plaintiff's injuries would not have occurred absent the defendant's contacts with the forum state. This is undisputed. (Opp. 7.) Rather than attempt to meet this standard, the Cities' opposition brief resorts to distraction and distortion, creating caricatures for the apparent purpose of setting up straw men to be knocked down. But the sweeping propositions the Cities try to lay at ExxonMobil's feet appear nowhere in its motion to dismiss. Contrary to the Cities' suggestion, ExxonMobil has never contended "that its California-based contribution to global warming must cause *all* of the injury to the Plaintiffs." (Opp. 1 (emphasis added).) Nor does ExxonMobil contend "that *all* the tortious conduct must occur in the forum" for a defendant to be amenable to suit there. (*Id.* (emphasis added).) All that ExxonMobil asks is for the Court to apply the due process protections afforded by settled law, which require the Cities to plead that their claimed injuries *would not have occurred* but for ExxonMobil's contacts *with California*.

The Cities have not done so. Instead, in responding to ExxonMobil's simple request, the Cities offer two primary arguments: (1) that a *contribution* to a harm, however attenuated, suffices to establish "but for" causation, and (2) that personal jurisdiction must be proper because the Cities can purportedly establish ExxonMobil's liability *without* proving "but for" causation. Neither of these arguments finds any support in the law. Contrary to the Cities' arguments, "but for" causation means what it says, and a broad theory of liability cannot substitute for the forum contacts necessary to support personal jurisdiction. As ExxonMobil's opening brief made clear, and the Cities do not seriously dispute, any contrary rules would provide an end-run around the boundaries of due process repeatedly marked by the Supreme Court, and would require ExxonMobil to defend *all* of its historical business activities wherever it has conducted *any* of its historical business activities. Despite having now

1

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

amended their complaint in response to a motion to dismiss relying on these very principles, the Cities' pleading remains deficient.  The Court should grant ExxonMobil's motion to dismiss.

I.  **The Cities Cannot Evade the Well-Settled Rule That the Defendant's Forum Contacts Must Be a "But For" Cause of the Plaintiff's Injury**

The Cities do not dispute that due process requires a plaintiff to establish that, "but for" a defendant's forum contacts, the plaintiff's injury would not have occurred.  (Opp. 7 ("The second prong of the personal jurisdiction test involves a causal analysis. The Ninth Circuit has adopted a but-for test").)  Yet the Cities do not claim that such a causal linkage exists.  Instead, citing a smattering of dated or inapposite opinions, the Cities appear to suggest that the "but for" causation requirement does not mean what it says.  The cases cited by the Cities simply do not support this assertion, and the Supreme Court has explicitly rejected the theory advanced by the Cities:  that an action can be a "but for" cause of a result when it merely contributes to that result.  *See Burrage* v. *United States*, 134 S. Ct. 881, 890-91 (2014) (rejecting an interpretation that "would treat as a cause-in-fact every act or omission that makes a positive incremental contribution, however small, to a particular result.")

In pressing this point, the Cities rely heavily on Judge Tigar's recent decision in *Dubose* v. *Bristol-Myers Squibb Co.*, No. 17-cv-00244-JST. 2017 WL 2775034 (N.D. Cal. June 27, 2017), which they claim stands for the proposition that personal jurisdiction may be proper under the "but for" test even if relevant conduct occurred in "California and many other states." (Opp. 8.)  But *Dubose* simply held that the plaintiff's "injuries would not have occurred but for Bristol-Myers's and AstraZeneca's contacts with California because the [drug's] clinical trials conducted here were part of the unbroken chain of events leading to Plaintiff's alleged injury." *Dubose* at *3.  The Cities emphasize that *Dubose* concluded that the defendant's conduct in California was merely "*part of*" the causal chain. (Opp. 9.)  But that observation just highlights the question the Cities' amended complaint does not answer:  would the Cities' claimed injuries have occurred absent the small fraction of ExxonMobil's conduct that occurred in California?  The amended complaint's failure to answer this question is fatal.

The Cities also cite the nearly 35 year old case of *Keeton* v. *Hustler Magazine*, 465 U.S. 770 (1984) which, according to the Cities, stands for the proposition that a plaintiff seeking "nationwide

2

damages" may bring suit wherever a defendant can be found "carrying on a part of its general business." (Opp. 8 (citing *Keeton*, 465 U.S. at 775).) Less than a year ago, however, the Supreme Court declined to adopt this interpretation of *Keeton*. In *Bristol-Myers Squibb* v. *Superior Court*, the Court rejected reliance on *Keeton*, explaining that, in *Keeton*, the Court "relied principally on the connection between the circulation of the magazine in New Hampshire and damage allegedly caused within the State"—in-state conduct *causing* an in-state injury. 137 S. Ct. 1773, 1782 (2017). And as particularly pertinent here, *Bristol-Myers Squibb* explicitly *rejected* the notion that *Keeton* authorizes personal jurisdiction over claims seeking to recover for injuries *not* caused by forum conduct. *Id.*

Similarly unavailing is the Cities' reliance on *Shute* v. *Carnival*, 897 F.2d 377 (9th Cir. 1990), which the Cities cite for the proposition that a defendant can be haled into court wherever it advertises, even if the conduct at issue did not occur in the forum. (Opp. 8 n.39.) *Shute* was a slip-and-fall case where the plaintiff, a Washington resident, was injured on a cruise ship off the coast of Mexico. 897 F.2d at 379. And in *Shute*, the Court determined that *but for* Carnival's partnership with travel agents *in Washington* through which plaintiff booked the cruise, the plaintiff would not have suffered the injury. *Id.* at 386. While *Shute* makes clear that there may be many links in a causal chain, it does not undercut the well-settled requirement that the defendant's in-state conduct must constitute a "but for" cause of plaintiff's alleged injury—which the Cities' complaint fails to allege.

The Cities also find no refuge in the 27 year old unreported decision of the Central District of California in the patent case of *Wilden Pump & Engineering Co.* v. *Versa-Matic Tool, Inc.*, No. 91-1562 SVW (SX), 1991 WL 280844 (C.D. Cal. July 29, 1991). The Cities claim that, in *Wilden Pump*, the Court "rejected an interpretation of the but-for test that would require just the California sales to cause the injury." (Opp. 9.) But *Wilden Pump* does not apply here. In *Wilden Pump*, the Court recognized that "[p]atent infringement, [. . .] creates a cause of action every time an infringing product is sold" and the defendant *had* sold products in California—that is to say, the defendant's *in-state* conduct (selling products) created a legally cognizable injury in California. *Wilden Pump*, 1991 WL 280844, at *4. That is simply not the case here, where the Cities' complaint does not, and cannot, concretely plead that the Cities' claimed injuries would not have occurred "but for" ExxonMobil's conduct *in California*. Moreover, *Wilden Pump* relied heavily on the interpretation of *Keeton*

3

that the Supreme Court rejected in *Bristol-Myers Squibb*. *See id.* (describing *Keeton* as authorizing jurisdiction when "the bulk of the harm done to the plaintiff was outside of the forum state.").

The copyright cases cited by the Cities—*Mavrix* v. *Brand Technologies*, 647 F.3d 1218 (9th Cir. 2011) and *Hendricks* v. *New Video Channel America*, No. 2:14–cv–02989–RSWL–SSx, 2015 WL 3616983 (C.D. Cal. June 8, 2015)—are likewise of no assistance. First, *Mavrix* did not address the "but for" causation requirement at all, but rather focused on whether providing access to infringing photographs to California residents through a website sufficed to constitute "purposeful availment." 647 F.3d at 1228. Moreover, *Mavrix* held that the conduct directed to California residents *did* cause an injury in this forum, reasoning that "a significant number of Californians would have bought publications such as People and Us Weekly in order to see the photos," had the photos not been distributed for free. *Id.* at 1231-32.

Similarly, *Hendricks* found jurisdiction proper where the plaintiff's injury would not have occurred absent the defendants' conduct in California. In *Hendricks*, the plaintiff claimed, in essence, that the defendants had stolen his idea for a television show based on a screenplay he had developed and shared with them. 2015 WL 3616983, at *1. The court in *Hendricks* found jurisdiction proper because of the defendants' "promotion of [the television show] via meetings in California, including at least one meeting with [an] agent . . . as well as [a defendant's] coordination of the distribution of the [s]eries in California." *Id.* at *7. *Hendricks* thus stands for the unremarkable proposition that a defendant can be sued in California if it negotiates and effectuates a copyright infringement scheme in the state. It bears no resemblance to this case, where the Cities have not pled that ExxonMobil's conduct in California is a "but for" cause of their claimed injuries.[1]

None of the Cities' cases undermines the well-settled rule that a defendant may not be haled into court in California unless its in-state contacts were a "but-for" cause of the plaintiffs' alleged injury. Indeed, the Cities fail to meaningfully join issue with the argument that they have already *twice* taken the position their claims are *not* dependent on activities in any particular location. (Br. 11-12.)

---

[1] The Cities' opposition may also be interpreted to suggest that a mere injury in a forum is sufficient. But the Supreme Court has "made clear that mere injury to a forum resident is not a sufficient connection to the forum" to support jurisdiction. *Walden* v. *Fiore*, 134 S. Ct. 1115, 1125 (2014).

4

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

Attempting to gloss over the inconsistency in their litigation positions, the Cities offer one sentence in a footnote, asserting that their claims "stem from all the conduct" of ExxonMobil. (Opp. 9 n.46.)[2]

## II. The Cities' Brief Improperly Conflates Nuisance Theories of Liability with the Standards for Personal Jurisdiction

The Cities also suggest that jurisdiction is proper because common law nuisance purportedly permits the imposition of liability without strict "but for" causation. (Opp. 10-11.) "The problem with this argument is that it confuses a basis for liability [ . . . ] with a basis for jurisdiction under the Due Process Clause." *Campanelli* v. *Image First Unif. Rental Serv., Inc.*, No. 15-cv-04456-PJH, 2016 WL 4729173, at *7 (N.D. Cal. Sept. 12, 2016) (granting motion to dismiss where the purported links between a defendant and forum were artifacts of the substantive law to be applied, the Fair Labor Standards Act, but did not satisfy due process). Yet under controlling case law, plaintiff "may not use liability as a substitute for personal jurisdiction." *AT&T Co.* v. *Compagnie Bruxelles Lambert*, 94 F.3d 586, 590–91 (9th Cir. 1996). The Ninth Circuit has gone so far as to caution that, even where jurisdictional principles may "undercut" a law's "sweeping purpose," it remains the case that "liability is not to be conflated with amenability to suit in a particular forum." *Id.*; *see also Kingsley Capital Management, LLC* v. *Members of Bd. of Directors of Park Ave. Bank of New York as of 2008*, No. CV 12–00418, 2012 WL 3542321, at *5 (D. Ariz. Aug. 15, 2012) (observing that "the Ninth Circuit" has "rejected the notion that the scope of liability affected personal jurisdiction.")

And the Ninth Circuit is not alone. For example, the Seventh Circuit has also held that due process requires more than "transmogrify[ing] insufficient minimum contacts into a basis for personal jurisdiction by making these contacts elements of a cause of action . . . ." *Cent. States, Se. & Sw. Areas Pension Fund* v. *Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) (holding that "[t]he fact that a defendant would be liable under a statute if personal jurisdiction over it could be

---

[2] The Cities' statement that their claims "stem from all the conduct" of ExxonMobil is an implicit concession that they can only bring suit where ExxonMobil is subject to *general* jurisdiction. To allow suits challenging "all the conduct" of an out-of-state defendant in the guise of specific jurisdiction would be to endorse a "loose and spurious form of general jurisdiction" that the Supreme Court in *Bristol-Myers Squibb* rejected less than a year ago. 137 S. Ct. at 1781.

5

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

obtained is irrelevant to the question of whether such jurisdiction can be exercised.").[3] The same distinction between principles of liability and principles of jurisdiction forecloses the Cities' complaint that ExxonMobil must be subject to jurisdiction because it could be liable under California nuisance law.[4]

That distinction renders irrelevant the Cities' extended discussion of other cases where, they claim, nuisance-like theories of liability have been endorsed in the climate change context. Yet even the Cities' description of these irrelevant cases is distorted. The Cities begin by claiming that ExxonMobil has somehow "improperly" relied upon the squarely-on-point reasoning in *Native Vill. of Kivalina* v. *ExxonMobil Corp.*, 663 F. Supp. 2d 863, 880 (N.D. Cal. 2009), which observed that climate change injuries are, by their nature, not traceable to the conduct of any discrete defendant. (Opp. 12.) ExxonMobil's reliance on *Kivalina* is "improper," the Cities say, because the pertinent portion was "implicitly reversed" by the Ninth Circuit's affirmance of the District Court's decision on other grounds. 696 F.3d 849 (9th Cir. 2012); (Opp. 12.) That assertion may surprise the Ninth Circuit, which *explicitly* stated that it "need not, and do[es] not, reach any other issue urged by the parties" aside from the applicability of federal common law. 696 F.3d at 858.

Similarly unenlightening is the Cities' description of *Massachusetts* v. *EPA*, 549 U.S. 497 (2007), in which the Commonwealth of Massachusetts challenged the EPA's denial of a petition to compel a rulemaking process to regulate greenhouse gas emissions. The Cities claim that *Massachusetts* v. *EPA* demonstrates that climate change injuries can be traced to particular conduct so as to generate standing. (Opp. 12.) But the Cities' argument ignores that the analysis in *Massachusetts* v. *EPA* was heavily influenced by the fact that the challenged conduct was a rulemaking by a public

---

[3] Courts throughout the country have agreed. *See, e.g.*, *GCIU–Employer Retirement Fund* v. *Coleridge Fine Arts*, 700 F. App'x 865, 869–70 (10th Cir. 2017) ("the fact a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant"); *Mendez* v. *Pure Foods Management Group, Inc.*, No. 3:14-cv-1515, 2016 WL 183473, at *6 (D. Conn. Jan. 14, 2016) ("[t]he standard . . . for purposes of liability under specific statutes is perhaps not dissimilar to a jurisdictional standard, but it is distinct, and is likely looser."); *E.E.O.C.* v. *AMX Communications, Ltd.*, No. WDQ–09–2483, 2011 WL 3555831, at *6 (D. Md. Aug. 8, 2011) ( "[t]he laws on which the suit are based are irrelevant to the jurisdictional inquiry.")

[4] It is telling that, in arguing that jurisdictional bars should not be set higher than the bar for liability, the Cities cite a case on *standing*, (Opp. 10 n.49), but ExxonMobil's personal jurisdiction motion only addresses whether the Cities' claims can proceed *in this forum*.

6

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

body, and "Congress ha[d] moreover recognized a concomitant procedural right to challenge the rejection of [Massachusetts'] rulemaking petition as arbitrary and capricious." 549 U.S. at 520. That is simply not the case here, where the Cities' claims are asserted against private defendants, and the Cities have no statutory right to challenge those entities' conduct (which is, in any event, entirely legal).

Finally, the Cities twist *AEP* v. *Connecticut*, 564 U.S. 410 (2011) beyond recognition in arguing that the Supreme Court there held that "federal common law nuisance liability can be based on conduct by defendants that merely contributes to the creation of a nuisance." (Opp. 12.) That may or may not be an accurate statement of federal common law *outside* the context of climate change, but in *AEP* the Supreme Court squarely held that federal common law nuisance claims relating to carbon dioxide emissions—which, despite the Cities' attempts at window dressing, accurately describes the claims in this case—are *displaced* by the Clean Air Act. 564 U.S. at 424. And, in any event, as set forth above, the Supreme Court has rejected the notion that "every act or omission that makes a positive incremental contribution, however small, to a particular result" is a "cause-in fact" of that result—the relevant inquiry for purposes of this motion. *Burrage*, 134 S. Ct. at 91.

The Cities' focus on theories of *liability* is no response to ExxonMobil's motion to dismiss for lack of *jurisdiction*. Accordingly, ExxonMobil cannot be held to answer these claims in this forum.

## III. ExxonMobil's Petition for Limited, Pre-Suit Discovery in Texas Bears No Resemblance to This Case, and the Cities' Attempt to Link the Two Cases is a Further Distraction

The Cities' attempt to set up a false equivalency between this litigation and ExxonMobil's petition for limited pre-suit discovery in Texas is nothing more than a distraction. By the Cities' telling, ExxonMobil's Texas petition "stretches the bounds of zealous advocacy" (Opp. 1), but this breathless (and baseless) rhetoric sheds far more heat than light. The Cities ignore the fact that, unlike here, in the Texas action ExxonMobil has alleged an injury *that would not have occurred* absent the Potential Defendants' contact with Texas.[5]

---

[5] The Cities' brief trumpets that the Massachusetts state courts found personal jurisdiction over ExxonMobil based on attenuated contacts. (Opp. 6.) ExxonMobil believes that this decision is flawed and inconsistent with due process principles, which do not permit jurisdiction simply because an entity does business in a state. *Daimler AG* v. *Bauman*, 134 S. Ct. 746, 761 (2014). In any event, because of the Massachusetts case's "investigatory context," the court employed a "broaden[ed]" jurisdictional analysis not applicable here. *Exxon Mobil* v. *Att'y Gen.*, 479 Mass. 312, 315 (2018).

7

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

Indeed, a Texas court has already found that it may exercise personal jurisdiction in that case because the Potential Defendants' "conduct was directed at Texas-based speech, activities, and property." (Sestito Reply Decl. Ex. 1 at ¶ 41.) And the Texas court recognized that "[a] violation of First Amendment rights occurs where the targeted speech occurs or where it would otherwise occur *but for* the violation." (*Id.* at ¶ 47 (emphasis added).) Accordingly, the Texas court concluded that "ExxonMobil exercises its First Amendment rights in Texas, and Texas is the site of the speech challenged by the Potential Defendants' lawsuits. The anticipated claims therefore concern potential constitutional torts committed in Texas." (*Id.*) Here, by contrast, the Cities complain of an injury caused by an undifferentiated, global phenomenon that, by Plaintiffs' own description, is the result of all fossil fuel combustion since the dawn of the Industrial Revolution. Unlike in ExxonMobil's Texas petition, the Cities here do not contend that their injuries *would not have occurred* absent ExxonMobil's forum contacts.

### IV.   Discovery Cannot Cure the Complaint's Jurisdictional Defects

Finally, the Cities devote a mere six lines in their fourteen page opposition brief to requesting jurisdictional discovery of ExxonMobil, purportedly to probe whether ExxonMobil is involved in the climate-related decisions of its subsidiaries or affiliates. (Opp. 14.) But even if all subsidiary or affiliate contacts with California were imputed to ExxonMobil, the Cities do not allege that the combined California-based activities of those subsidiaries and affiliates are a "but for" cause of the Cities' claimed injuries, nor could the Cities plausibly do so. Jurisdictional discovery about this issue thus cannot supply the causal link the Cities are missing, and will do nothing but create burden and delay. The Court should reject the Cities' half-hearted request for jurisdictional discovery.

### CONCLUSION

In its opening brief, ExxonMobil explained why, under the controlling law of this Circuit, it cannot be made to answer for *all* of its historical business activities wherever it had conducted *any* of its historical business activities. The Cities' opposition fails to meaningfully rebut any of ExxonMobil's arguments. For the reasons set forth herein and in ExxonMobil's opening brief, the Court should grant ExxonMobil's motion to dismiss for lack of personal jurisdiction.

8

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

May 10, 2018                                             Respectfully submitted,


                                                         By: */s/ Dawn Sestito*

                                                         M. Randall Oppenheimer (SBN 77649)
                                                         Dawn Sestito (SBN 214011)
                                                         O'MELVENY & MYERS LLP
                                                         400 South Hope Street
                                                         Los Angeles, California  90071-2899
                                                         Telephone: (213) 430-6000
                                                         Facsimile: (213) 430-6407
                                                         E-Mail:  roppenheimer@omm.com
                                                         E-Mail:  dsestito@omm.com


                                                         Theodore V. Wells, Jr. (*pro hac vice*)
                                                         Daniel J. Toal (*pro hac vice*)
                                                         Jaren E. Janghorbani (*pro hac vice*)
                                                         PAUL, WEISS, RIFKIND, WHARTON &
                                                         GARRISON LLP
                                                         1285 Avenue of the Americas
                                                         New York, New York 10019-6064
                                                         Telephone: (212) 373-3000
                                                         Facsimile: (212) 757-3990
                                                         E-Mail:  twells@paulweiss.com
                                                         E-Mail:  dtoal@paulweiss.com
                                                         E-Mail:  jjanghorbani@paulweiss.com

                                                         *Attorneys for Defendant*
                                                         *EXXON MOBIL CORPORATION*

9

EXXON MOBIL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA