| | |
|---|---|
| CITY OF OAKLAND<br>BARBARA J. PARKER, State Bar #069722<br>City Attorney<br>MARIA BEE, State Bar #167716<br>Chief Assistant City Attorney<br>ZOE M. SAVITSKY, State Bar #281616<br>Supervising Deputy City Attorney<br>MALIA MCPHERSON, State Bar #313918<br>Deputy City Attorney<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, California 94612<br>Telephone: (510) 238-3601<br>Facsimile: (510) 238-6500<br>Email: mmcpherson@oaklandcityattorney.org | CITY AND COUNTY OF SAN FRANCISCO<br>DENNIS J. HERRERA, State Bar #139669<br>City Attorney<br>RONALD P. FLYNN, State Bar #184186<br>Chief Deputy City Attorney<br>YVONNE R. MERÉ, State Bar #173594<br>Chief of Complex and Affirmative Litigation<br>ROBB W. KAPLA, State Bar #238896<br>Deputy City Attorney<br>MATTHEW D. GOLDBERG, State Bar #240776<br>Deputy City Attorney<br>City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102-4602<br>Telephone: (415) 554-4748<br>Facsimile: (415) 554-4715<br>Email: matthew.goldberg@sfcityatty.org<br>*[Additional Counsel Listed on Signature Page]* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Oakland City Attorney BARBARA J. PARKER,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>　　　　　Defendants | First Filed Case No. 3:17-cv-6011-WHA<br>Related to Case No. 3:17-cv-6012-WHA<br><br>**THE PEOPLE'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

**THE PEOPLE'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**CASE NOS.: 3:17-CV-6011-WHA AND 3:17-CV-6012-WHA**

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney DENNIS J. HERRERA,<br><br>        Plaintiffs,<br><br>  v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>        Defendants. | Case No. 3:17-cv-6012-WHA |

The People of the State of California, by and through the City Attorney for the City of Oakland and the City Attorney for the City and County of San Francisco, respectfully submit this response to Defendants' Notice of Supplemental Authority (Case No. 3:17-cv-6011. Dkt. No. 363; Case No. 3:17-cv-6012, Dkt. No. 306) ("Notice") regarding *City of New York v. Chevron Corp.*, No. 2188, 2021 WL 1216541 (2d Cir. Apr. 1, 2021). That decision has no bearing on the People's renewed motion to remand.

*First*, the Second Circuit's opinion did not address any question of removal jurisdiction, much less the specific removal grounds remaining at issue here (federal officer, the Outer Continental Shelf Lands Act, and federal enclaves). *See City of New York*, 2021 WL 1216541, at *8. Instead, the Second Circuit expressly limited its analysis to the merits of an ordinary preemption defense, and it went out of its way to distinguish *City of New York* from "the parade of recent opinions holding that state-law claims for public nuisance brought against fossil fuel producers do not arise under federal law" for purposes of subject matter jurisdiction. *Id.* (cleaned up). Because New York City originally filed suit in federal court on diversity grounds, the Second Circuit "consider[ed] the [defendants' ordinary] preemption defense on its own terms, not under the heightened standard unique to the removability inquiry." *Id.* Accordingly, *City of New York* sheds no light on the jurisdictional questions pending before this Court (or before the Supreme Court on Defendants' pending petition for certiorari in *City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020)). Indeed, the Second Circuit specifically concluded that the Ninth Circuit's reasoning in *City of Oakland* "does not conflict with our holding." *City of New York*, 2021 WL 1216541, at *8.

*Second*, the Second Circuit's ordinary preemption analysis in *City of New York* is irrelevant because it addressed a theory of liability under New York state law that the People have not advanced in this case. New York City expressly defined the conduct giving rise to defendants' alleged liability in that case as those companies' "lawful" "production, promotion, and sale of fossil fuels." *Id.* at 5; *see also id.* at 2 ("[New York City] acknowledges that the [defendants'] conduct is lawful commercial activity." (cleaned up)). In the present case, however, the People allege, pursuant to well-settled California representative public nuisance law, that the conduct that

triggers Defendants' liability is their "large-scale, sophisticated advertising and communications campaigns" "to deny and discredit the mainstream scientific consensus on global warming, downplay the risks of global warming," and "mislea[d] the public about global warming." Oak. 1st Am. Compl. (Dkt. No. 199) ¶¶ 5–6, 103; S.F. 1st Am. Compl. (Dkt. No. 168) ¶¶ 5–6, 103.

Defendants' Notice tries to cast these critical allegations of wrongful promotion as mere "artful pleading." Not. 1, 3. But in fact, Defendants' campaigns of climate disinformation—which are never mentioned in the Second Circuit's opinion—form the indispensable core of the People's case here. Under California public nuisance law, a defendant may not be held liable for "simply failing to warn of a defective product" or for merely manufacturing and selling a hazardous but lawful product. *People v. ConAgra Grocery Prods. Co.*, 17 Cal.App.5th 51, 84 (2017), *reh'g denied* (Dec. 6, 2017), *rev. denied* (Feb. 14, 2018), *cert. denied*, 139 S. Ct. 377 (2018). Instead, public nuisance liability in this context is established by proof of "wrongful promotion"—that is, the "affirmative promotion" of a dangerous consumer product through deceptive advertising. *Id.* at 84, 93.

Defendants' reliance on *City of New York* is therefore wholly misplaced. They argue, for example, that removal is proper because New York City's lawsuit sought to "effectively impose strict liability for the damages caused by fossil fuel emissions no matter where in the world those emissions were released (or who released them)." Not. 3. In the People's case, however, the complaints do not, and could not, allege that Defendants should be held strictly liable for the production and sale of fossil fuels. Instead, those complaints allege that Defendants are liable for their wrongful, i.e., deceitful and misleading, promotion of fossil fuel products, which is why the People sued companies that orchestrated and implemented the challenged climate-disinformation campaigns. Defendants also argue that *City of New York* supports their assertion that a finding of liability could impair the production of fossil fuels on the Outer Continental Shelf because, according to the Second Circuit, the defendants in that case could not "avoid all liability" without "ceas[ing] global production [of fossil fuels] altogether." *Id.* But this case involves a materially different claim; and "[t]he People do not seek to impose liability on Defendants for their direct

emissions of greenhouse gases and do not seek to restrain Defendants from engaging in their business operations." Oak. & SF 1st Am. Compls. ¶ 11.

In short, the Second Circuit's decision in *City of New York* has nothing to say about the issues before this Court, namely whether the People's public nuisance claim for wrongful promotion of a hazardous product is removable on the basis of the Outer Continental Shelf Lands Act, federal officer jurisdiction, the federal enclave doctrine, or the First Amendment. The Court should therefore disregard *City of New York* and remand the People's case to state court, where it belongs.

Dated:   April 22, 2021                     Respectfully submitted,

**CITY OF OAKLAND**

By: */s/ Barbara J. Parker*
BARBARA J. PARKER (State Bar #069722)
 City Attorney
MARIA BEE (State Bar #167716)
 Chief Assistant City Attorney
ZOE M. SAVITSKY, (State Bar #281616)
 Supervising Deputy City Attorney
MALIA MCPHERSON (State Bar #313918)
 Deputy City Attorney

One Frank H. Ogawa Plaza, 6th Floor
Oakland, California
Tel.: (510) 238-3601
Fax: (510) 238-6500
mmcpherson@oaklandcityattorney.org

\* Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.

**CITY AND COUNTY OF SAN FRANCISCO**

By: */s/ Matthew D. Goldberg*
DENNIS J. HERRERA (State Bar #139669)
 City Attorney
RONALD P. FLYNN (State Bar #184186)
 Chief Deputy City Attorney
YVONNE R. MERÉ (State Bar #173594)

Chief of Complex and Affirmative Litigation
ROBB W. KAPLA (State Bar #238896)
Deputy City Attorney
MATTHEW D. GOLDBERG (State Bar #240776)
Deputy City Attorney

City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Tel.: (415) 554-4748
Fax: (415) 554-4715
matthew.goldberg@sfcityatty.org

\* Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.

**SHER EDLING LLP**

VICTOR M. SHER (State Bar #96197)
MATTHEW K. EDLING (State Bar #250940)
MARTIN D. QUIÑONES (State Bar #293318)
ADAM M. SHAPIRO (State Bar #267429)
KATIE H. JONES (State Bar #300913)

100 Montgomery St., Ste. 1410
San Francisco, CA 94104
Tel.: (628) 231-2500
vic@sheredling.com
matt@sheredling.com
marty@sheredling.com
adam@sheredling.com
katie@sheredling.com

**ALTSHULER BERZON LLP**

MICHAEL RUBIN (State Bar #80618)
BARBARA J. CHISHOLM (State Bar #224656)
CORINNE F. JOHNSON (State Bar #287385)

177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
mrubin@altber.com
bchisholm@altber.com
cjohnson@altber.com

*Attorneys for the People*