1    M. Randall Oppenheimer
     Dawn Sestito
2    O'MELVENY & MYERS LLP
     400 South Hope Street
3    Los Angeles, California 90071-2899
     Telephone: (213) 430-6000
4    Facsimile: (213) 430-6407
     Email: roppenheimer@omm.com
5    Email: dsestito@omm.com

6    Theodore V. Wells, Jr. (pro hac vice)
     Daniel J. Toal (pro hac vice)
7    PAUL, WEISS, RIFKIND, WHARTON &
     GARRISON LLP
8    1285 Avenue of the Americas
     New York, New York 10019-6064
9    Telephone: (212) 373-3000
     Facsimile: (212) 757-3990
10   Email: twells@paulweiss.com
     Email: dtoal@paulweiss.com
11
     *Attorneys for Defendant Exxon Mobil*
12   *Corporation*

13   [*Additional counsel listed on signature page*]

14                **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                  **SAN FRANCISCO DIVISION**

16   CITY OF OAKLAND, a Municipal                First-Filed Case No. 3:17-cv-6011-WHA
     Corporation, and THE PEOPLE OF THE          Related to Case No. 3:17-cv-6012-WHA
17   STATE OF CALIFORNIA, acting by and
18   through Oakland City Attorney BARBARA J.    **DEFENDANTS' MOTION FOR**
     PARKER                                      **ENTRY OF PARTIAL FINAL**
19                                               **JUDGMENT PURSUANT TO FED. R.**
                Plaintiffs,                      **CIV. P. 54(b) AND MEMORANDUM**
20                                               **OF POINTS AND AUTHORITIES**
            v.
21
     BP P.L.C., a public limited company of
22   England and Wales; CHEVRON                  Date:    September 22, 2022
     CORPORATION, a Delaware corporation;        Time:    8:00 a.m.
23   CONOCOPHILLIPS COMPANY, a Delaware          Place:   Courtroom 12
     corporation; EXXON MOBIL
24   CORPORATION, a New Jersey corporation,
     ROYAL DUTCH SHELL PLC, a public
25   limited company of England and Wales, and
     DOES 1 through 10,
26
27              Defendants.

28

---

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – Nos. 17-cv-6011-
WHA AND 17-cv-6012-WHA

CITY AND COUNTY OF SAN FRANCISCO,
a Municipal Corporation, and THE PEOPLE
OF THE STATE OF CALIFORNIA, acting by
and through the San Francisco City Attorney
DENNIS J. HERRERA,

　　　　　Plaintiffs,

　　　v.

BP P.L.C., a public limited company of
England and Wales, CHEVRON
CORPORATION, a Delaware corporation,
CONOCOPHILLIPS COMPANY, a Delaware
corporation, EXXONMOBIL
CORPORATION, a New Jersey corporation,
ROYAL DUTCH SHELL PLC, a public
limited company of England and Wales, and
DOES 1 through 10,

　　　　　Defendants.

**NOTICE OF MOTION AND MOTION FOR ENTRY**
**OF PARTIAL FINAL JUDGMENT PURSUANT TO FED. R. Civ. P. 54(b)**

TO THE COURT, THE CLERK, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on September 22, 2022 at 8:00 a.m., or as soon thereafter

as the matter may be heard, in the United States District Court, Northern District of California, San

Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA

94102, before the Honorable William Alsup, Defendants BP p.l.c, ConocoPhillips, Exxon Mobil

Corporation, and Shell plc (f/k/a Royal Dutch Shell plc) (collectively, the "Non-Resident

Defendants") will and hereby do move this Court, pursuant to Fed. R. Civ. P. 54(b), for entry of a

final judgment dismissing the claims against them for lack of personal jurisdiction.[1]

Judgment pursuant to Rule 54(b) is warranted because the Court's ruling on personal

jurisdiction finally disposed of all claims against the Non-Resident Defendants and because there is

no just reason for delaying resolution of that independent issue.  This Motion is based upon this

Notice of Motion and Motion for Entry of Partial Final Judgment, the Memorandum of Points and

Authorities in support of the Motion, the papers on file in this case, any oral argument that may be

heard by the Court, and any other matters that the Court deems appropriate.

This motion is submitted subject to and without waiver of any defense, affirmative defense, or

objection, including lack of personal jurisdiction, insufficient process, or insufficient service of

process.

---

[1] This Court has already found that the Non-Resident Defendants are not subject to personal jurisdiction.  The Non-Resident Defendants submit this motion subject to, and without waiver of, that jurisdictional finding.

1

1

## <u>TABLE OF CONTENTS</u>

2

<u>**Page**</u>

3

Introduction ........................................................................................................................ 1

4

Procedural and Factual Background ................................................................................... 3

5

Argument ............................................................................................................................ 4

6

I.      THE PERSONAL JURISDICTION ORDER IS FINAL AS TO ALL CLAIMS

7          AGAINST THE NON-RESIDENT DEFENDANTS. ............................................... 4

8
II.     THERE IS NO REASON TO DELAY APPEAL OF THE PERSONAL
9          JURISDICTION ORDER UNTIL AFTER FINAL RESOLUTION OF THE
           REMAINING CLAIMS AGAINST CHEVRON. ..................................................... 5

10
        A.      This Court's Prior Personal Jurisdiction Ruling Is Valid ............................. 7

11
        B.      *Special Investments* Does Not Require Vacatur ......................................... 8

12
CONCLUSION ................................................................................................................. 11

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – Nos. 17-cv-6011-
WHA and 17-cv-6012-WHA

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bush* v. *Adams*,
 629 F. Supp. 2d 468 (E.D. Pa. 2009) ...............................................................................4

*City of Oakland* v. *BP p.l.c.*,
 960 F.3d 570 (9th Cir. 2020)............................................................................................3

*City of Oakland* v. *BP p.l.c.*,
 No. 18-16663 (9th Cir. May 10, 2019) ...........................................................................11

*Core-Vent Corp.* v. *Nobel Indus. AB*,
 11 F.3d 1482 (9th Cir. 1993)........................................................................................4, 10

*Curtiss-Wright Corp.* v. *Gen. Elec. Co.*,
 446 U.S. 1 (1980) .............................................................................................................4

*Estate of Cummings* v. *Community Health Sys., Inc.*,
 881 F.3d 793 (10th Cir. 2018)......................................................................................5, 9

*Ford Motor Co.* v. *Montana Eighth Judicial Dist. Court*,
 141 S. Ct. 1017 (2021) ..................................................................................................6, 7

*Foslip Pharms., Inc.* v. *Metabolife Int'l., Inc.*,
 92 F. Supp. 2d 891 (N.D. Iowa 2000)..............................................................................9

*Henderson* v. *United States*,
 568 U.S. 266 (2013) .........................................................................................................6

*Lewis* v. *Travertine, Inc.*,
 No. 2:17–cv–00016–CAS, 2017 WL 2989176 (C.D. Cal. July 12, 2017)..................5, 10

*Lolavar* v. *de Santibanes*,
 430 F.2d 221 (4th Cir. 2005)............................................................................................9

*Martinez* v. *Aero Caribbean*,
 764 F.3d 1062 (9th Cir. 2014)..........................................................................................4

*Miller* v. *IBM Corp.*,
 No. C02-02118 MJJ, 2006 WL 8459896 (N.D. Cal. Feb. 14, 2006) ...............................5

*Pakootas* v. *Teck Cominco Metals, Ltd.*,
 905 F.3d 565 (9th Cir. 2018)............................................................................................4

*Ruhrgas AG* v. *Marathon Oil Co.*,
 526 U.S. 574 (1999)......................................................................................................2, 8

ii

*Special Investments* v. *Aero Air, Inc.*,
   360 F.3d 989 (9th Cir. 2004)..................................................................................................1, 8

*Texaco, Inc.* v. *Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991).........................................................................................................5

*Thompson* v. *Runnels*,
   705 F.3d 1089 (9th Cir. 2013)........................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 4(k)(1)(A) ....................................................................................................................6

Fed. R. Civ. P. 54(b) ................................................................................................... *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants BP p.l.c, ConocoPhillips, Exxon Mobil Corporation, and Shell plc (f/k/a Royal Dutch Shell plc) respectfully submit this memorandum of points and authorities in support of their motion for entry of a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b), dismissing them from this case for lack of personal jurisdiction.

## INTRODUCTION

Plaintiffs seek to hold five publicly traded energy companies liable for the alleged impacts of global climate change.  But as this Court has already correctly concluded, it lacks personal jurisdiction over four of those defendants: BP p.l.c, ConocoPhillips, Exxon Mobil Corporation, and Shell plc (f/k/a Royal Dutch Shell plc) (collectively the "Non-Resident Defendants").  (*See* ECF No. 287.)[2]  In their renewed motion to remand, Plaintiffs urge the Court to vacate its prior order dismissing the Non-Resident Defendants for lack of personal jurisdiction if it ultimately concludes that it lacks subject-matter jurisdiction, claiming vacatur is required under *Special Investments* v. *Aero Air, Inc.*, 360 F.3d 989 (9th Cir. 2004).  (*See* ECF No. 405 at 24-25).  But *Special Investments* does not require vacatur under the circumstances present here.  Instead, the interests of judicial efficiency and the equities of this case will be better served by entry of a partial final judgment pursuant to Rule 54(b) dismissing the Non-Resident Defendants for lack of personal jurisdiction.

*First*, the Court's personal jurisdiction ruling was a final disposition of the claims against the Non-Resident Defendants, and therefore satisfies Rule 54(b)'s finality requirement.  Courts routinely order entry of judgment pursuant to Rule 54(b) where some, but not all, of the defendants are dismissed for lack of personal jurisdiction.

*Second*, there is no just reason to delay entry of a final judgment dismissing the Non-Resident Defendants.  Entry of a final judgment supports the equities in this case and furthers efficient judicial

---

[2]  All ECF references are to *City of Oakland* v. *BP P.L.C.*, No. 3:17-cv-0611-WHA (N.D. Cal.), unless otherwise indicated.

administration by allowing Plaintiffs to seek an immediate appeal of the personal jurisdiction ruling if they choose, without prejudicing the Non-Resident Defendants by subjecting them to further litigation in a court that lacks jurisdiction over them.  Vacatur of the Court's personal jurisdiction ruling, on the other hand, would infringe upon the Non-Resident Defendants' individual liberty rights by forcing them to participate in a prolonged litigation in a forum in which they are not subject to jurisdiction, and could delay resolution of Plaintiffs' claims against Chevron Corporation ("Chevron") on the merits.

*Third*, the Court's personal jurisdiction ruling was validly issued within the Court's discretion, as recognized in *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574  (1999).  In that case, the Supreme Court held that district courts possess inherent discretion to resolve straightforward issues of personal jurisdiction that do not raise difficult questions of state law *before* addressing more difficult questions of subject matter jurisdiction.  *Id.* at 588.  Under *Ruhrgas*, the Court's personal jurisdiction ruling can stand even if the Court ultimately concludes that it lacks subject-matter jurisdiction and grants Plaintiffs' renewed remand motion.

*Fourth*, entry of a final judgment dismissing the Non-Resident Defendants would distinguish this case from *Special Investments*.  The Ninth Circuit's decision in that case was motivated by its concern that there would be no available avenue for the plaintiffs to appeal an adverse personal jurisdiction ruling in federal court following remand to state court.  By contrast, entry of a partial final judgment dismissing the Non-Resident Defendants here will alleviate that concern by allowing Plaintiffs to pursue an immediate appeal of the Court's personal jurisdiction ruling, while Plaintiffs' claims against Chevron can proceed following the Court's decision on remand.

For these reasons and others set forth below, the Court should order entry of a partial final judgment pursuant to Rule 54(b) dismissing the Non-Resident Defendants from this case.

# PROCEDURAL AND FACTUAL BACKGROUND

In September 2017, plaintiffs Oakland and San Francisco brought these related actions in the Superior Court for the State of California against Chevron and the Non-Resident Defendants, alleging state law public nuisance claims relating to Defendants' production and promotion of fossil fuels. Defendants removed the actions to this Court, and Plaintiffs moved to remand shortly thereafter. (*See* ECF Nos. 1, 81.) This Court denied the motion to remand. (ECF No. 134.)

Both Chevron and the Non-Resident Defendants subsequently moved to dismiss the Complaint for failure to state a claim. (ECF No. 159.) The Non-Resident Defendants also moved to dismiss the claims against them for lack of personal jurisdiction. (ECF Nos. 219–22.) The Court granted both motions. (ECF Nos. 283, 287.) Plaintiffs appealed, challenging this Court's rulings on subject matter jurisdiction, personal jurisdiction, and the merits. (ECF No. 289.)

On appeal, the Ninth Circuit vacated the remand decision and remanded the case for the Court to consider alternative bases for removal that it had not considered previously. *City of Oakland* v. *BP p.l.c.*, 960 F.3d 570, 585 n.13 (9th Cir. 2020). The Ninth Circuit did not reach the question whether the district court lacked personal jurisdiction over the Non-Resident Defendants or the merits of Plaintiffs' claims. In a footnote, the Ninth Circuit noted that Plaintiffs were free to move the district court to vacate the personal jurisdiction ruling if this Court ultimately concluded that it lacked subject matter jurisdiction. *Id.*

Plaintiffs have now filed a renewed motion to remand (ECF No. 405) in which they argue, among other things, that the Court's order dismissing the claims against the Non-Resident Defendants for lack of personal jurisdiction must be vacated. (ECF No. 405 at 24–25.) As explained below, vacatur is not required and this Court instead should enter a partial final judgment dismissing the claims against the Non-Resident Defendants.

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

**ARGUMENT**

Rule 54(b) permits this Court to direct the entry of a final judgment on fewer than all claims, or as to fewer than all parties, if the Court determines that there is "no just reason for delay." Fed. R. Civ. P. 54(b); *Pakootas* v. *Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018); *see also Curtiss-Wright Corp.* v. *Gen. Elec. Co.*, 446 U.S. 1, 7, 11 (1980). When considering whether to issue such an order, courts assess two factors: (1) whether the claims or parties have been finally disposed of, and (2) whether there is just reason to delay an appeal until all claims and all parties in the case are disposed of. *Pakootas*, 905 F.3d at 574. The determination of whether there is "no just reason to delay" entry of a Rule 54(b) judgment is committed to the discretion of the district court, taking into account the "judicial administrative interests as well as the equities involved." *Id.* at 576 (quoting *Curtiss-Wright*, 446 U.S. at 8). These considerations support entry of a final judgment here dismissing the Non-Resident Defendants for lack of personal jurisdiction.

**I.      THE PERSONAL JURISDICTION ORDER IS FINAL AS TO ALL CLAIMS AGAINST THE NON-RESIDENT DEFENDANTS.**

The Court's dismissal of the Non-Resident Defendants for lack of personal jurisdiction is a final disposition under Rule 54(b). Rule 54(b)'s finality requirement is satisfied where, as here, the court renders an "ultimate disposition of an individual claim" while other claims remain pending. *Pakootas*, 905 F.3d at 574 (internal quotation marks omitted). Indeed, it is well-settled that a judgment dismissing all claims against a defendant for lack of personal jurisdiction is a final disposition for purposes of Rule 54(b). *See Martinez* v. *Aero Caribbean*, 764 F.3d 1062, 1065–66 (9th Cir. 2014) (recognizing that a dismissal for lack of personal jurisdiction can be certified under Rule 54(b)); *Bush* v. *Adams*, 629 F. Supp. 2d 468, 473 (E.D. Pa. 2009) ("a dismissal for lack of personal jurisdiction . . . possesses sufficient finality to satisfy the requirements of Rule 54(b), and federal courts . . . have routinely approved of using Rule 54(b) to certify such orders"); *see also Core-Vent Corp.* v. *Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (affirming Rule 54(b) certification

where some, but not all, defendants were dismissed for lack of personal jurisdiction).  Thus, the

Court's decision dismissing the Non-Resident Defendants for lack of personal jurisdiction was a final

disposition of the claims against them, and Rule 54(b)'s first requirement is satisfied.

**II.      THERE IS NO REASON TO DELAY APPEAL OF THE PERSONAL JURISDICTION
           ORDER UNTIL AFTER FINAL RESOLUTION OF THE REMAINING CLAIMS
           AGAINST CHEVRON.**

There is no just reason to delay entry of a final order dismissing the Non-Resident

Defendants.  The entry of judgment under Rule 54(b) is appropriate where, as here, immediate appeal

will aid in the "expeditious decision of the case."  *Texaco, Inc.* v. *Ponsoldt*, 939 F.2d 794, 797 (9th

Cir. 1991) (citation omitted).  The rule's purpose is served by a "pragmatic approach focusing on

severability and efficient judicial administration."  *Id.* at 798 (citation omitted).  Where some, but

fewer than all, defendants are dismissed for lack of personal jurisdiction, courts routinely find no just

reason for delay in entering a final judgment in favor of those dismissed defendants, because doing so

promotes judicial efficiency.  *See e.g.*, *id.*; *Lewis* v. *Travertine, Inc.,* No. 2:17–cv–00016–CAS, 2017

WL 2989176, at *2–3 (C.D. Cal. July 12, 2017); *Miller* v. *IBM Corp.*, No. C02-02118 MJJ, 2006 WL

8459896, at *6 (N.D. Cal. Feb. 14, 2006).  Indeed, courts have noted that "[o]ne would be hard-

pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for

lack of personal jurisdiction."  *Lewis*, 2017 WL 2989176, at *2–3 (citation omitted).

Entry of a final judgment dismissing the Non-Resident Defendants supports the equities in

this case and promotes efficient judicial administration.  That is so because it allows Plaintiffs to seek

an immediate appeal of the personal jurisdiction ruling if they choose, without subjecting the Non-

Resident Defendants to further litigation in a court that—if the Court's personal jurisdiction

determination is correct (and it is)—lacks jurisdiction over them.  This avoids the substantial

prejudice to the Non-Resident Defendants that would result from forcing them to participate in

protracted litigation in a forum that lacks jurisdiction over them.  *Estate of Cummings* v. *Community*

*Health Sys., Inc.*, 881 F.3d 793, 800 (10th Cir. 2018).  "After all, the party over which there is no personal jurisdiction should not have to participate at all in the litigation in that forum."  *Id.*

Moreover, this Court and the parties have already invested substantial time and effort in resolving the personal jurisdiction issue.[3]  If a final judgment is not entered, and the Court ultimately concludes it lacks subject matter jurisdiction and then vacates the personal jurisdiction ruling, the parties will need to re-litigate the personal jurisdiction dismissal in state court.  That would subject the Non-Resident Defendants to additional litigation in a forum that lacks jurisdiction over them, which would both waste judicial resources and delay resolution of the claims against Chevron on the merits in the event the court elects to stay adjudication of the merits pending a final resolution of the personal jurisdiction issue.  Nor is any legitimate interest served by forcing the Non-Resident Defendants to re-litigate the issue of personal jurisdiction in state court following remand.  This is particularly true because the Court's personal jurisdiction ruling under Rule 4(k)(1)(A) was determined in accordance with California's long-arm statute.  (*See* ECF No. 287 at 4–5.)  The state court thus would address the same legal question this Court has already thoroughly considered and resolved.

Rule 54(b) provides a procedural device that the Court has discretion to employ to make its valid personal jurisdiction dismissal final and appealable.  To the extent that it is necessary for the parties to address the Supreme Court's decision in *Ford Motor Co.* v. *Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021), which was decided after this Court issued its personal jurisdiction ruling, such briefing can occur before the Ninth Circuit on appeal.  *See Henderson* v. *United States*, 568 U.S. 266, 271 (2013) ("[t]he general rule . . . is that an appellate court must apply

---

[3]   The parties thoroughly briefed the personal jurisdiction issue before this Court, submitting more than 300 pages of briefing.  (*See* ECF Nos. 219–22, 231–34, 240–42, 244, 248–49, 278–79.)  The Court then held oral argument, which lasted nearly four hours and resulted in a transcript of more than 110 pages.  (*See* ECF No. 260.)  The Court carefully considered the parties' arguments and issued a thorough decision granting the Non-Resident Defendants' motions.  (*See* ECF No. 287.)

the law in effect at the time it renders its decision" (citation omitted)); *Thompson* v. *Runnels*, 705

F.3d 1089, 1098 (9th Cir. 2013) (noting that on appeal, "parties are not limited to the precise

arguments they made below" (citation omitted)).  But in any event, *Ford Motor* does not change the

outcome of the Court's personal jurisdiction decision, because Plaintiffs' claims do not "arise out of

or relate to" the Non-Resident Defendants' alleged California contacts.  *Ford Motor*, 141 S. Ct. at

1026.  As the Court explained in *Ford Motor*, personal jurisdiction exists where "a company . . . [1]

serves a market for a product in the forum State and [2] the product *malfunctions ther*e" "[3]

*caus[ing] injury in the State to one of its residents*." *Ford Motor*, 141 S. Ct. at 1022, 1026–27

(emphases added).  Thus, a plaintiff's alleged injuries must be caused by use and malfunction of a

defendant's products within the forum State.  *See id.*  This is not the case here, where—as this Court

has recognized—Plaintiffs' "theory is not actually tied to operations in California" at all, but rather

"tied to global effects" of climate change based on worldwide activities that are alleged to have

caused Plaintiffs' harm.  (ECF No. 221-1, Ex. 1, at 25 (transcript of Feb. 8, 2018 hearing); *see also*

ECF No. 287 at 6 (observing that "whatever sales or events occurred in California were causally

insignificant in the context of the *worldwide conduct* leading to the *international problem* of global

warning" and that Plaintiffs' "claims depend on a global complex of geophysical cause and effect

involving all nations of the planet") (emphasis added).)  Accordingly, *Ford Motor* does not change

the fact that the Non-Resident Defendants must be dismissed for lack of personal jurisdiction, and the

Court's decision should therefore remain intact for consideration on any appeal.

        A.     <u>This Court's Prior Personal Jurisdiction Ruling Is Valid</u>

Recognizing that limitations of a court's exercise of personal jurisdiction are as fundamental

as limitations on subject matter jurisdiction, the Supreme Court has held that it is within a district

court's discretion to address straightforward personal jurisdiction inquiries that do not raise difficult

questions of state law before addressing more difficult questions of subject matter jurisdiction.

*Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 588 (1999).  As the Supreme Court explained, limitations on federal jurisdiction and personal jurisdiction are both essential elements of a federal court's jurisdiction to hear the merits of a claim, but they serve different purposes.  *Id.* at 583–84.  Subject matter jurisdiction protects "institutional interests" by ensuring that federal courts remain within the bounds prescribed by the Constitution and Congress, while personal jurisdiction functions as a safeguard on "individual liberty."  *Id.*  Both principles are obviously jurisdictional in nature.  Federal courts must satisfy themselves that they have subject matter jurisdiction before considering the *merits* of a case, but the same principle does not obligate courts to consider subject matter jurisdiction before addressing *personal jurisdiction*.  *Id.* at 584–85.  Indeed, it would infringe upon the individual liberty interests that personal jurisdiction limitations are meant to protect to subject a defendant over whom the court lacks jurisdiction to prolonged litigation in that forum.  *See id.* at 583–84.  It therefore is a proper exercise of the Court's discretion, as recognized in *Ruhrgas*, to dismiss the Non-Resident Defendants for lack of personal jurisdiction before deciding whether the Court has subject matter jurisdiction.  As a result, this Court's prior personal jurisdiction ruling remains valid without regard to its ultimate decision on Plaintiffs' motion to remand.

B.       *Special Investments* Does Not Require Vacatur

Plaintiffs contend that the Court's personal jurisdiction ruling must be vacated under *Special Investments* v. *Aero Air, Inc.*, 360 F.3d 989 (9th Cir. 2004), asserting that the procedural posture here is the same as in that case.  But, as Plaintiffs acknowledge, the Ninth Circuit in *Special Investments* was motivated by its concern that there would be no available avenue for the plaintiffs to appeal the personal jurisdiction dismissal following remand, which led it to require that the district court in that case vacate an earlier personal jurisdiction ruling after the district court determined that it lacked subject matter jurisdiction over the suit.  *Id.* at 994–95; *see also* ECF No. 405 at 25.  It considered *Ruhrgas* distinguishable because the personal jurisdiction dismissal there "ended the district court's

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – Nos. 17-CV-6011-WHA AND 17-CV-6012-WHA

involvement in the litigation entirely and left the plaintiffs with an appealable final order," which enabled the plaintiffs to appeal the dismissal. *Id.* at 994. By contrast, in *Special Investments*, the personal jurisdiction determination did not terminate the litigation, but rather left certain defendants in the suit, requiring that the court eventually address the subject matter jurisdiction inquiry. *Id.* at 995. The court ultimately concluded that it lacked subject matter jurisdiction, but the dismissed defendants did not seek entry of a partial final judgment dismissing the claims against them, and so one was never issued in that case. *Id.* at 993. Rather than apply *Ruhrgas* to determine whether the jurisdictional sequencing was a proper exercise of the district court's discretion, the Ninth Circuit focused on the fact that the plaintiff would lack any avenue to appeal the personal jurisdiction dismissal following remand. The availability of an immediate avenue of appeal that would result from entry of a Rule 54(b) judgment here distinguishes this case from *Special Investments*.

The only other Circuits that have addressed a situation in which a court has dismissed certain defendants for lack of personal jurisdiction and subsequently concluded that it lacks subject matter jurisdiction over the action have held that under *Ruhrgas*, a dismissal of fewer than all of the defendants for lack of personal jurisdiction remains valid under these circumstances. *See Estate of Cummings*, 881 F.3d at 798–99 (holding that the district court properly exercised its discretion by making the straightforward determination that it lacked personal jurisdiction over one defendant even though it subsequently concluded that subject matter jurisdiction was lacking); *Lolavar* v. *de Santibanes*, 430 F.2d 221, 222, 227 (4th Cir. 2005) (holding that the district court did not abuse its discretion in deciding the "straightforward and simple personal jurisdiction question" prior to remanding claims against the remaining defendants to state court). A district court within the Eighth Circuit likewise has expressly rejected the argument that subject matter jurisdiction must be decided first where the personal jurisdictional dismissal would not be case-dispositive. *Foslip Pharms., Inc.* v. *Metabolife Int'l., Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000) ("because personal jurisdiction is

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – Nos. 17-CV-6011-WHA AND 17-CV-6012-WHA

dispositive of the entire case against the defendants challenging personal jurisdiction, the reasons

identified in *Ruhrgas* [] for considering the motions challenging personal jurisdiction first still obtain

here").  These cases are well-reasoned because the "individual liberty" interests that personal

jurisdiction serves to protect remain an important limitation on the court's power to hear claims

against each defendant, regardless of the fact that the court may have personal jurisdiction over their

co-defendants.

Moreover, entry of a final judgment on the Court's personal jurisdiction ruling supports

efficient judicial administration, because Chevron—the only Defendant that would remain in the

case—did not challenge personal jurisdiction and there would therefore be no risk of piecemeal

appeals regarding personal jurisdiction.  A final judgment on the personal jurisdiction dismissal

would allow Plaintiffs to appeal the dismissal of the Non-Resident Defendants immediately in a

single appeal.  Although the risk of competing appeals could arise if the Court grants Plaintiffs'

renewed remand motion and Chevron appeals that decision, the Ninth Circuit could consolidate that

subject matter jurisdiction appeal with any appeal from the Court's personal jurisdiction ruling for

purposes of oral argument so that the appeals could be considered together.  Competing appeals

might also arise if the Court denies Plaintiffs' renewed motion for remand, and then dismisses all

claims on the merits.  But under that scenario, the separate appeals of the merits and personal

jurisdiction dismissals would not amount to "piecemeal appeals in cases which should be reviewed

only as single units" because the issues are easily separable.  *Core-Vent*, 11 F.3d at 1484 (concluding

that the district court did not abuse its discretion in ordering entry of a Rule 54(b) judgment where

"the jurisdictional question at issue . . . [was] unrelated to the other issues in the case"); *Lewis*, 2017

WL 2989176, at *2 (stating that entry of a Rule 54(b) judgment is appropriate where certain

defendants are dismissed for lack of personal jurisdiction and "the jurisdictional questions are

independent of the merits of the underlying claims.").  Here, the personal jurisdiction question is

independent of the merits of Plaintiffs' claims.  In arguing for dismissal, the Non-Resident Defendants filed two separate motions to dismiss: one addressing personal jurisdiction and the other addressing dismissal on the merits.  There is no reason why these separate determinations—issued on separate sets of briefing making independent arguments—should be required to be reviewed in a single appeal.  *See* Brief of Appellees BP p.l.c., ConocoPhillips, Exxon Mobil Corp. & Royal Dutch Shell plc, *City of Oakland* v. *BP p.l.c.*, No. 18-16663 (9th Cir. May 10, 2019), ECF No. 75 (addressing personal jurisdiction); Brief of Defendant-Appellee Chevron Corp., *City of Oakland* v. *BP p.l.c.*, No. 18-16663 (9th Cir. May 10, 2019), ECF No. 78 (addressing dismissal on the merits).

## **CONCLUSION**

For the foregoing reasons, the Non-Resident Defendants respectfully request that the Court grant their motion and issue an order directing entry of a final judgment as to all claims against Defendants BP p.l.c, ConocoPhillips, Exxon Mobil Corporation, and Shell plc (f/k/a Royal Dutch Shell plc).

Respectfully submitted,

Dated: July 21, 2021

By: /s/ Dawn Sestito

M. Randall Oppenheimer
Dawn Sestito
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: roppenheimer@omm.com
Email: dsestito@omm.com

Theodore V. Wells, Jr. (pro hac vice)
Daniel J. Toal (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com

*Attorneys for Defendant EXXON MOBIL
CORPORATION*

By: **/s/ Jonathan W. Hughes
Jonathan W. Hughes
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: jonathan.hughes@arnoldporter.com

Matthew T. Heartney
John D. Lombardo
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
E-mail: matthew.heartney@arnoldporter.com
E-mail: john.lombardo@arnoldporter.com

Nancy Milburn
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383

12

Facsimile: (212) 715-1399
Email: nancy.milburn@arnoldporter.com

*Attorneys for Defendant BP P.L.C.*

By: **\*\*/s/ Raymond A. Cardozo*
Raymond A. Cardozo (SBN 173263)
T. Connor O'Carroll (SBN 312920)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email: rcardozo@reedsmith.com
Email: cocarroll@reedsmith.com

Jameson R. Jones (*pro hac vice*)
Daniel R. Brody (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
Email: jameson.jones@bartlitbeck.com
Email: dan.brody@bartlitbeck.com

*Attorneys for Defendant CONOCOPHILLIPS*

By:**\*\*/s/ Gary T. Lafayette*
Gary T. Lafayette (SBN 88666)
LAFAYETTE KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-3600
Facsimile: (415) 357-4605
Email: glafayette@lkclaw.com

David C. Frederick (pro hac vice)
Daniel S. Severson (pro hac vice)
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
Email: dfrederick@kellogghansen.com
Email: dseverson@kellogghansen.com

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – Nos. 17-cv-6011-WHA and 17-cv-6012-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendant SHELL PLC (F/K/A ROYAL DUTCH SHELL PLC)*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory

DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b) – Nos. 17-CV-6011-WHA AND 17-CV-6012-WHA