1    Theodore J. Boutrous, Jr. (SBN 132099)        Neal S. Manne (SBN 94101)
        tboutrous@gibsondunn.com                        nmanne@susmangodfrey.com
2    Andrea E. Neuman (SBN 149733)                  Johnny W. Carter (*pro hac vice*)
        aneuman@gibsondunn.com                          jcarter@susmangodfrey.com
3    William E. Thomson (SBN 187912)                Erica Harris (*pro hac vice*)
        wthomson@gibsondunn.com                         eharris@susmangodfrey.com
4    Joshua D. Dick (SBN 268853)                    Steven Shepard (*pro hac vice*)
        jdick@gibsondunn.com                            sshepard@susmangodfrey.com
5    GIBSON, DUNN & CRUTCHER LLP                    SUSMAN GODFREY LLP
     333 South Grand Avenue                         1000 Louisiana, Suite 5100
6    Los Angeles, CA 90071                          Houston, TX 77002
     Telephone: 213.229.7000                        Telephone: 713.651.9366
7    Facsimile: 213.229.7520                        Facsimile: 713.654.6666

8    Herbert J. Stern (*pro hac vice*)
        hstern@sgklaw.com
9    Joel M. Silverstein (*pro hac vice*)
        jsilverstein@sgklaw.com
10   STERN & KILCULLEN, LLC
     325 Columbia Turnpike, Suite 110
11   Florham Park, NJ 07932-0992
     Telephone: 973.535.1900
12   Facsimile:  973.535.9664

13   *Attorneys for Defendant Chevron Corporation*

14                     **UNITED STATES DISTRICT COURT**
15                   **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
16

| | |
|---|---|
| 17 CITY OF OAKLAND, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Oakland City Attorney BARBARA J. PARKER, | First Filed Case:  No. 3:17-cv-6011-WHA<br>Related Case:     No. 3:17-cv-6012-WHA |
| 20              Plaintiffs, | **NOTICE OF DEVELOPMENTS IN *BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY V. SUNCOR ENERGY (U.S.A.) INC.*** |
| 21          v. | |
| 22 BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10, | THE HONORABLE WILLIAM H. ALSUP |
| 26              Defendants. | |
| 27 CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF | |

1  CALIFORNIA, acting by and through the San
   Francisco City Attorney DENNIS J.
2  HERRERA,

3              Plaintiffs,

4         v.

5  BP P.L.C., a public limited company of
   England and Wales, CHEVRON
6  CORPORATION, a Delaware corporation,
   CONOCOPHILLIPS COMPANY, a Delaware
7  corporation, EXXON MOBIL
   CORPORATION, a New Jersey corporation,
8  ROYAL DUTCH SHELL PLC, a public
   limited company of England and Wales, and
9  DOES 1 through 10,

10             Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants submit this notice to inform the Court that earlier this week, on October 3, 2022, the Supreme Court invited the Solicitor General to file a brief expressing the views of the United States on the petition for a writ of certiorari in *Suncor Energy (U.S.A.) Inc. v. Board of County Commissioners of Boulder County*, No. 21-1550, another set of climate change-related cases that were remanded to state court.[1]  As the Court is aware, the defendants in those cases filed a petition for a writ of certiorari on June 8, 2022, asking the Supreme Court to decide two questions: (1) "Whether federal common law necessarily and exclusively governs claims seeking redress for injuries allegedly caused by the effect of interstate greenhouse-gas emissions on the global climate," and (2) "Whether a federal district court has jurisdiction under 28 U.S.C. 1331 over claims necessarily and exclusively governed by federal common law but labeled as arising under state law."  Petition for a Writ of Certiorari at i, *Suncor Energy (U.S.A.) Inc. v. Board of County Commissioners of Boulder County*, No. 21-1550 (U.S.). Defendants will present these same issues to the Supreme Court in *San Mateo* and *Honolulu*.  *See Chevron Corp. v. San Mateo County*, No. 22A196 (U.S.); *Sunoco LP v. City & County of Honolulu*, No. 22A239 (U.S.).

The Supreme Court's invitation to the Solicitor General is significant because a petition for a writ of certiorari "is over 46 times more likely to be granted" once the Court has requested the Solicitor General's views.[2]  Moreover, the United States has taken the position that climate change-related claims similar to the ones asserted here are removable because "they are inherently and necessarily federal in nature."  Brief for the United States as *Amicus Curiae* Supporting Petitioners at 26, *BP p.l.c. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021) (No. 19-1189) (citing *City of Oakland v. B.P. p.l.c.*, No. 18-16663 (9th Cir.), Dkt. 198); *see also* Transcript of Oral Argument at 31:2-12, *BP p.l.c. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021) (No. 19-1189) ("potentially conflicting" state law inappropriate because the case "depends on alleged injuries . . . caused by

---

[1]   In submitting this update, Defendants BP P.L.C., ConocoPhillips, Exxon Mobil Corporation, and Shell plc (f/k/a Royal Dutch Shell plc), do not waive any argument or defense regarding the Court's lack of personal jurisdiction over them, nor do they seek to vacate or alter the Court's previous personal jurisdiction order under Rule 12(b)(2).

[2]   David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 274 (2009).

emissions from all over the world"); *Oakland*, Dkt. 198 at 2 ("A putative state-law claim is also removable if alleged in a field that is properly governed by federal common law such that a cause of action, if any, is necessarily federal in character.").  And the United States has warned of the risk that common-law suits targeting greenhouse gas emissions might interfere with federal regulations, noting that "EPA has directly entered the field plaintiffs would have governed by common-law nuisance suits" by "actively exercising its judgment and statutory discretion to determine when and how emissions from different categories of sources of greenhouse gases will be regulated."  Brief for the Tennessee Valley Authority as Respondent Supporting Petitioners at 45–46, *American Electric Power Co. v. Connecticut*, 564 U.S. 410 (2011) (No. 10-174).  The conflict between the United States' position and that of the Ninth Circuit (and the Tenth Circuit) further weighs in favor of Supreme Court review.

If the Supreme Court ultimately grants certiorari in *Suncor* and answers the questions presented in the affirmative, these cases would be removable and heard in federal court.  And such a decision would vindicate this Court's holding in its initial Order Denying Motions to Remand that "Plaintiffs' nuisance claims . . . are necessarily governed by federal common law" and that "[f]ederal jurisdiction over these actions is therefore proper."  Dkt. 134 at 3.  Given this recent development, Defendants respectfully submit that it may advance the interests of judicial efficiency and conservation of resources for the Court to await further guidance from the Supreme Court before ruling on Plaintiffs' Renewed Motion to Remand.

Dated: October 6, 2022                                      Respectfully submitted,

                                                            By: */s/ Theodore J. Boutrous, Jr.*
                                                            Theodore J. Boutrous, Jr.
                                                            William E. Thomson
                                                            GIBSON, DUNN & CRUTCHER LLP
                                                            333 South Grand Avenue
                                                            Los Angeles, CA 90071-3197
                                                            Telephone: (213) 229-7000
                                                            Email: tboutrous@gibsondunn.com
                                                            Email: wthomson@gibsondunn.com

                                                            Andrea E. Neuman
                                                            GIBSON, DUNN & CRUTCHER LLP

200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: aneuman@gibsondunn.com

Joshua D. Dick
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8331
Facsimile: 415.374.8451
Email: jdick@gibsondunn.com

Neal S. Manne (*pro hac vice*)
Johnny W. Carter (*pro hac vice*)
Erica Harris (*pro hac vice*)
Steven Shepard (*pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: nmanne@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: eharris@susmangodfrey.com
Email: shepard@susmangodfrey.com

Herbert J. Stern (*pro hac vice*)
Joel M. Silverstein (*pro hac vice*) STERN &
KILCULLEN, LLC
325 Columbia Turnpike, Suite 110
Florham Park, NJ 07932-0992
Telephone: (973) 535-1900
Facsimile: (973) 535-9664
Email: hstern@sgklaw.com
Email: jsilverstein@sgklaw.com

*Attorneys for Defendant CHEVRON
CORPORATION*

By: **/s/ Jonathan W. Hughes*
Jonathan W. Hughes
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: jonathan.hughes@apks.com

Gibson, Dunn &
Crutcher LLP

Matthew T. Heartney
John D. Lombardo
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
E-mail: matthew.heartney@apks.com
E-mail: john.lombardo@apks.com

Nancy Milburn
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383
Facsimile: (212) 715-1399
Email: nancy.milburn@apks.com

*Attorneys for Defendant BP P.L.C.*


By:  **/s/ Raymond A. Cardozo*
Raymond A. Cardozo (SBN 173263)
T. Connor O'Carroll (SBN 312920)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:  415 543 8700
Facsimile:  415 391 8269
rcardozo@reedsmith.com
cocarroll@reedsmith.com

Jameson R. Jones (pro hac vice)
Daniel R. Brody (pro hac vice)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
Email: jameson.jones@bartlitbeck.com
Email: dan.brody@bartlitbeck.com

*Attorneys for Defendant CONOCOPHILLIPS*


By: **/s/ Dawn Sestito*
M. Randall Oppenheimer
Dawn Sestito
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899

Gibson, Dunn &
Crutcher LLP

4

1   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
2   Email: roppenheimer@omm.com
    Email: dsestito@omm.com
3

4   Theodore V. Wells, Jr. (pro hac vice)
    Daniel J. Toal (pro hac vice)
5   PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
6   1285 Avenue of the Americas
    New York, New York 10019-6064
7   Telephone: (212) 373-3000
    Facsimile: (212) 757-3990
8   Email: twells@paulweiss.com
    Email: dtoal@paulweiss.com
9

10  *Attorneys for Defendant EXXON MOBIL*
    *CORPORATION*
11

12  By:**/s/ Gary T. Lafayette
    Gary T. Lafayette (SBN 88666)
13  LAFAYETTE KUMAGAI LLP
    1300 Clay Street, Suite 810
14  Oakland, California 94612
    Telephone: (415) 357-3600
15  Facsimile: (415) 357-4605
    Email: glafayette@lkclaw.com
16

17  David C. Frederick (pro hac vice)
    Daniel S. Severson (pro hac vice)
18  KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
19  1615 M Street, N.W., Suite 400
    Washington, D.C. 20036
20  Telephone: (202) 326-7900
    Facsimile: (202) 326-7999
21  Email: dfrederick@kellogghansen.com
    Email: dseverson@kellogghansen.com
22

23  *Attorneys for Defendant SHELL PLC (F/K/A*
    *ROYAL DUTCH SHELL PLC)*
24

25  ** Pursuant to Civ. L.R. 5-1(i)(3), the
    electronic signatory has obtained approval
26  from this signatory.

27

28