Theodore J. Boutrous, Jr. (SBN 132099)
  tboutrous@gibsondunn.com
Andrea E. Neuman (SBN 149733)
  aneuman@gibsondunn.com
William E. Thomson (SBN 187912)
  wthomson@gibsondunn.com
Joshua D. Dick (SBN 268853)
  jdick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Neal S. Manne (SBN 94101)
  nmanne@susmangodfrey.com
Johnny W. Carter (*pro hac vice*)
  jcarter@susmangodfrey.com
Erica Harris (*pro hac vice*)
  eharris@susmangodfrey.com
Steven Shepard (*pro hac vice*)
  sshepard@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666

Herbert J. Stern (*pro hac vice*)
  hstern@sgklaw.com
Joel M. Silverstein (*pro hac vice*)
  jsilverstein@sgklaw.com
STERN & KILCULLEN, LLC
325 Columbia Turnpike, Suite 110
Florham Park, NJ 07932-0992
Telephone: 973.535.1900
Facsimile:  973.535.9664

*Attorneys for Defendant Chevron Corporation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Oakland City Attorney BARBARA J. PARKER,<br><br>    Plaintiffs,<br><br>v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>    Defendants.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF | First Filed Case:   No. 3:17-cv-6011-WHA<br>Related Case:        No. 3:17-cv-6012-WHA<br><br><br>**RESPONSE TO PLAINTIFFS' SUBMISSION RE:** *CITY & COUNTY OF HONOLULU V. SUNOCO LP* **AND** *COUNTY OF MAUI V. SUNOCO LP*<br><br>THE HONORABLE WILLIAM H. ALSUP |

1  CALIFORNIA, acting by and through the San Francisco City Attorney DENNIS J.
2  HERRERA,

3          Plaintiffs,

4      v.

5  BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,

        Defendants.

On September 29, 2022, Plaintiffs filed with the Court copies of the Complaints in *City & County of Honolulu v. Sunoco LP*, No. 1CCV-20-0000380 (Haw. Cir. Ct.), and *County of Maui v. Sunoco LP*, No. 2CCV-20-0000283 (Haw. Cir. Ct.). *See* Dkt. 422.[1] Plaintiffs neglected to mention, however, how the plaintiffs in both *Honolulu* and *Maui* have characterized the claims asserted in their Complaints. The plaintiffs there, unlike here, have stated repeatedly that their claims are based *exclusively* on defendants' promotion and marketing of fossil-fuel products, and contend that the tortious conduct they allege in those lawsuits does not concern the production and sale of those products. To take just a few examples from the plaintiffs' statements to the courts in those cases:

- "This case is about the ***deceptive promotion*** of dangerous products." Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss for Failure to State a Claim, *City & County of Honolulu v. Sunoco LP*, No. 1CCV-20-0000380 (Haw. Cir. Ct. July 19, 2021), Dkt. 375 at 1 (emphasis added);

- "Under [p]laintiffs' theory of their own case, ***the conduct that triggers Defendants' liability is their concealment and misrepresentation of the climate impacts of their products***. . . . Indeed, so long as Defendants stop their deception, ***they can sell as many fossil-fuel products as they are able (in light of truthful, adequate warnings) without incurring any additional liability*** under [p]laintiffs' theory of its case." Plaintiffs' Response to Defendants' Supplemental Brief, *City & County of Honolulu v. Sunoco LP*, No. 1CCV-20-0000380 (Haw. Cir. Ct. Sept. 17, 2021), Dkt. 502 at 2 (emphases added);

- "[T]he tortious conduct here [is] Defendants' ***campaign of deception and misleading promotion***[.]" Plaintiff's Reply in Support of Motion to Remand, *City & County of Honolulu v. Sunoco LP*, No. 1:20-cv-00163-DKW-RT (D. Haw. Oct. 30, 2020), Dkt. 121 at 13 (emphasis added);

- "[T]he County's tort claims . . . are '***premised on a theory of misrepresentation and disinformation***[.]'" Plaintiff County of Maui's Position on Transfer to the Environmental Court, *County of Maui v. Sunoco LP*, No. 2CCV-20-0000283 (Haw. Cir. Ct. May 28, 2021), Dkt. 272 at 2 (emphasis added);

- "The City seeks to vindicate the local injuries within its jurisdiction caused by Defendants' decades-long ***campaign to discredit the science*** of global warming, to ***conceal the catastrophic dangers*** posed by their fossil-fuel products, and to ***misrepresent their role*** in combatting the climate crisis." Plaintiff City & County of Honolulu's Motion to Remand to State Court, *City & County of Honolulu v. Sunoco LP*, No. 1:20-cv-00163-DKW-RT (D. Haw. Sept. 11, 2020), Dkt. 116 at 1 (emphases added);

---

[1] In submitting this response, Defendants BP P.L.C., ConocoPhillips, Exxon Mobil Corporation, and Shell plc (f/k/a Royal Dutch Shell plc), do not waive any argument or defense regarding the Court's lack of personal jurisdiction over them, nor do they seek to vacate or alter the Court's previous personal jurisdiction order under Rule 12(b)(2).

- "The County's complaint alleges injuries caused by Defendants' **decades-long campaign to discredit the science of global warming**, conceal dangers posed by their fossil-fuel products, and **misrepresent their role in combatting the climate crisis**." Plaintiff County of Maui's Motion to Remand to State Court, *County of Maui v. Sunoco LP*, No. 1:20-cv-00470-DKW-KJM (D. Haw. Nov. 25, 2020), Dkt. 74-1 at 4 (emphasis added);

- "[T]he specific conduct that triggers Defendants' liability is their **use of deception to promote the unrestrained consumption of fossil fuels**—*i.e.*, their '*failure to warn* about the hazards of using their fossil fuel products' and their '*disseminat[ion] [of]* misleading information about the same.'" Appellees' Answering Brief, *City & County of Honolulu v. Sunoco LP*, Nos. 21-15313+ (9th Cir. Sept. 17, 2021), Dkt. 63 at 3 (citation omitted; first emphasis added);

- "As a result, Defendants would *not* need to 'cease global [fossil-fuel] production altogether' if they 'want[ed] to avoid all liability under Plaintiffs' theory of the case.' They would **simply need to stop the deception.** And so these lawsuits **cannot 'regulate global greenhouse gas emissions**' or 'abate . . . global warming.' . . . Indeed, so long as Defendants adequately warn of the dangers of fossil fuels and stop their climate-disinformation campaigns, they can continue their fossil-fuel businesses without fear of incurring any additional liability based on the claims set forth in Plaintiffs' Complaints." *Id.* at 3–4 (citation omitted; first emphasis in original);

- "And here, as in other climate-deception cases, **the challenged acts are Defendants' failure to warn and deceptive promotion, not their extraction, production, or sale of fossil fuels per se**." *Id.* at 10 (emphasis added); *see also id.* at 36–37 (similar); and

- "Defendants **can produce as much OCS oil as they want without incurring additional liability under Plaintiffs' Complaints**, just so long as they adequately warn of the dangers of fossil fuels and stop their climate-disinformation campaigns." *Id.* at 57 (emphasis added).

Critically, the federal district court accepted and adopted the plaintiffs' characterizations of their claims as limited to only alleged deception in remanding those cases to state court: "Plaintiffs have chosen to pursue claims that target Defendants' alleged concealment of the dangers of fossil fuels, rather than the acts of extracting, processing, and delivering those fuels." *County of Maui v. Sunoco LP*, No. 1:20-cv-00470-DKW-KJM, Dkt. 99 at 2.

Here, by contrast, Plaintiffs have time and again described their claims as attacking Defendants' "acts of extracting, processing, and delivering" fossil fuels, both in their papers and in hearings before the Court—*not* Defendants' promotion and marketing. In their Response in Opposition to Defendants' Motion to Dismiss, for example, Plaintiffs explained that "[t]he relevance of the Cities' allegations regarding promotion is that: (a) defendants influenced consumer demand for fossil fuels, which in turn is a component of the overall pattern of conduct that was a 'substantial factor' in causing harm to the Cities; and (b) the misleading nature of the defendants' promotion here goes to their knowledge that

fossil fuels would cause climate injuries (i.e. it is indicative of a coverup), which is relevant to intent," but insisted that "***the primary conduct giving rise to liability remains defendants' production and sale of fossil fuels***." Dkt. 235 at 13 (emphasis added).  And in their hearing on the Motion to Dismiss, Plaintiffs reiterated that, "Sure, the primary conduct here that gives rise to the nuisance is the ***production and sale of fossil fuels***." Hr'g Tr. (May 24, 2018) at 63:2-21 (emphasis added).  In light of these representations, the Court found that, according to Plaintiffs' theory of the case, "any such promotion [is] merely a 'plus factor.'"  Dkt. 283 at 6.

Because the plaintiffs in *Honolulu* and *Maui* have described their claims as relying solely on the defendants' alleged promotion, whereas Plaintiffs here have repeatedly represented that "the primary conduct" at issue is the "production and sale of fossil fuels," the complaints in those cases are not persuasive, and the Ninth Circuit's decision affirming the remand order on claims relying solely on defendants' promotion in those cases does not preclude this Court from finding that the claims here are properly removable.

Dated: October 13, 2022                              Respectfully submitted,

By: */s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.
William E. Thomson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Email: tboutrous@gibsondunn.com
Email: wthomson@gibsondunn.com

Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Email: aneuman@gibsondunn.com

Joshua D. Dick
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8331
Facsimile: 415.374.8451

1  
2  
3  
4  

Email: jdick@gibsondunn.com

Neal S. Manne (*pro hac vice*)  
Johnny W. Carter (*pro hac vice*)  
Erica Harris (*pro hac vice*)  
Steven Shepard (*pro hac vice*)  
SUSMAN GODFREY LLP  
1000 Louisiana, Suite 5100  
Houston, TX 77002  
Telephone: (713) 651-9366  
Facsimile: (713) 654-6666  
Email: nmanne@susmangodfrey.com  
Email: jcarter@susmangodfrey.com  
Email: eharris@susmangodfrey.com  
Email: shepard@susmangodfrey.com  

Herbert J. Stern (*pro hac vice*)  
Joel M. Silverstein (*pro hac vice*) STERN & KILCULLEN, LLC  
325 Columbia Turnpike, Suite 110  
Florham Park, NJ 07932-0992  
Telephone: (973) 535-1900  
Facsimile: (973) 535-9664  
Email: hstern@sgklaw.com  
Email: jsilverstein@sgklaw.com  

*Attorneys for Defendant CHEVRON CORPORATION*

By: ***/s/ Jonathan W. Hughes*  
Jonathan W. Hughes  
ARNOLD & PORTER KAYE SCHOLER LLP  
Three Embarcadero Center, 10th Floor  
San Francisco, California 94111-4024  
Telephone: (415) 471-3100  
Facsimile: (415) 471-3400  
Email: jonathan.hughes@apks.com  

Matthew T. Heartney  
John D. Lombardo  
ARNOLD & PORTER KAYE SCHOLER LLP  
777 South Figueroa Street, 44th Floor  
Los Angeles, California 90017-5844  
Telephone: (213) 243-4000  
Facsimile: (213) 243-4199  
E-mail: matthew.heartney@apks.com  
E-mail: john.lombardo@apks.com  

Nancy Milburn  
ARNOLD & PORTER KAYE SCHOLER LLP

250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383
Facsimile: (212) 715-1399
Email: nancy.milburn@apks.com

*Attorneys for Defendant BP P.L.C.*

By: **/s/ Raymond A. Cardozo
Raymond A. Cardozo (SBN 173263)
T. Connor O'Carroll (SBN 312920)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:  415 543 8700
Facsimile:   415 391 8269
rcardozo@reedsmith.com
cocarroll@reedsmith.com

Jameson R. Jones (pro hac vice)
Daniel R. Brody (pro hac vice)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
Email: jameson.jones@bartlitbeck.com
Email: dan.brody@bartlitbeck.com

*Attorneys for Defendant CONOCOPHILLIPS*

By: **/s/ Dawn Sestito
M. Randall Oppenheimer
Dawn Sestito
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: roppenheimer@omm.com
Email: dsestito@omm.com

Theodore V. Wells, Jr. (pro hac vice)
Daniel J. Toal (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000

Facsimile: (212) 757-3990
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com

*Attorneys for Defendant EXXON MOBIL CORPORATION*

By:***/s/ Gary T. Lafayette*
Gary T. Lafayette (SBN 88666)
LAFAYETTE KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-3600
Facsimile: (415) 357-4605
Email: glafayette@lkclaw.com

David C. Frederick (pro hac vice)
Daniel S. Severson (pro hac vice)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
Email: dfrederick@kellogghansen.com
Email: dseverson@kellogghansen.com

*Attorneys for Defendant SHELL PLC (F/K/A ROYAL DUTCH SHELL PLC)*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.