| | |
|---|---|
| CITY OF OAKLAND<br>BARBARA J. PARKER (SBN 069722)<br>  City Attorney<br>MARIA BEE (SBN 167716)<br>  Chief Assistant City Attorney<br>ZOE M. SAVITSKY (SBN 281616)<br>  Supervising Deputy City Attorney<br>One Frank H. Ogawa Plaza, 6th Floor<br>Oakland, California 94612<br>Telephone: (510) 238-3601<br>Facsimile: (510) 238-6500<br>Email: zsavitsky@oaklandcityattorney.org | CITY AND COUNTY OF SAN FRANCISCO<br>DAVID CHIU (SBN 189542)<br>  City Attorney<br>SARA EISENBERG (SBN 269303)<br>  Chief of Complex and Affirmative Litigation<br>RONALD H. LEE (SBN 238720)<br>ROBB W. KAPLA (SBN 238896)<br>ALEXANDER J. HOLTZMAN (SBN 311813)<br>  Deputy City Attorneys<br>City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102-4602<br>Tel.: (415) 554-4748<br>Fax: (415) 554-4715<br>Email: ronald.lee@sfcityatty.org |

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Oakland City Attorney BARBARA J. PARKER,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>                    Defendants. | First Filed Case No. 3:17-cv-6011-WHA<br>Related to Case No. 3:17-cv-6012-WHA<br><br>**THE PEOPLE'S RESPONSE TO DEFENDANTS' NOTICE DEVELOPMENTS IN *BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY v. SUNCOR ENERGY (U.S.A.) INC.***<br><br>The Honorable William Alsup |

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney DAVID CHIU,<br><br>        Plaintiffs,<br><br>  v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>        Defendants. | Case No. 3:17-cv-6012-WHA |

1   The People of the State of California, by and through the City Attorney for the City of Oakland and the City Attorney for the City and County of San Francisco, respectfully submit this response to Defendants' Notice of Developments (Case No. 3:17-cv-6011. Dkt. No. 428; Case No. 3:17-cv-6012, Dkt. No. 354) ("Notice") regarding *Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.) Inc.*, No.21-1550 ("*Boulder*"). In their submission, Defendants urge this Court to delay ruling on the People's Renewed Motion to Remand because the Supreme Court recently called for the Solicitor General's views on the pending certiorari petition in *Boulder*. *See* Notice at 2. That request is both procedurally inappropriate and entirely meritless.

Defendants use their self-styled "Notice of Developments" to argue that the Court should "await further guidance from the Supreme Court before ruling on Plaintiffs' Renewed Motion to Remand." Notice at 2. In doing so, Defendants not only violate the local rules of this Court, which expressly prohibit argument in post-briefing notices that are filed without prior Court approval. *See* Civil L-R 7-3(d); *see also Ctr. for Env't Health v. Vilsack*, No. 18-CV-01763-RS, 2022 WL 658965, at *4 n.4 (N.D. Cal. Mar. 4, 2022) ("no argument is allowed when filing supplemental authority"). They also ignore the proper procedures for requesting a stay of proceedings. If this Court decides to grant remand, Defendants can—at that time—file a motion to stay the remand order. The People will, in turn, oppose such a motion, arguing that Defendants do not meet any of the requirements for a stay and pointing to numerous courts in the Ninth Circuit and elsewhere that have denied analogous attempts to delay the remand of climate deception cases. The Court should therefore disregard Defendants' *sub silentio* request for a stay as premature and fatally flawed in form.

In any event, "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). As Defendants concede, the *Boulder* petition only concerns their federal-common-law theory of removal jurisdiction. *See* Notice at 1. And the Ninth Circuit has flatly rejected that theory—both in the People's cases, *see City of Oakland v. BP PLC*, 969 F.3d 895, 906, 911–12 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2776 (2021), and in the *San Mateo* cases, *see Cnty. of San*

*Mateo v. Chevron Corp.*, 32 F.4th 733, 747 (9th Cir. 2022). This Court should therefore disregard the *Boulder* petition and adhere to the Ninth Circuit's clear mandate in *Oakland* by resolving the People's Renewed Motion to Remand. *See Oakland*, 969 F.3d at 911 ("[W]e remand these cases to the district court to determine whether there was an alternative basis for jurisdiction.").

Even if, moreover, the Court could consider the *Boulder* petition, Defendants engage in pure speculation when they posit that the Supreme Court's call for the Solicitor General's views might increase the chances of certiorari review, which might—in turn—lead to reversal of the Tenth Circuit's judgment. According to the law review article Defendants cite, analyzing data all more than 17 years old, the Supreme Court denies certiorari petitions in about two thirds of cases in which it seeks the views of the United States, and the likelihood of denial increases to about 80 percent when the United States recommends denying certiorari review. David C. Thompson & Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 276, 295 (2009) (analyzing data from 1998 to 2004). Defendants' assumption that the Solicitor General will recommend granting the *Boulder* petition is unfounded. The United States has never taken a position on the cert-worthiness of Defendants' novel federal-common-law theory of removal. *See* U.S. Sup. Ct. R. 10 (outlining the main indicia of a cert-worthy case). Regardless, the Solicitor General is free to revisit previous positions taken by the United States as *amicus curiae*. And in *Boulder*, she has ample reason to take a fresh look at the question presented in the petition because—in the past year alone—five circuits have unanimously ruled against Defendants on that question.

Indeed, even if the Solicitor General were to recommend granting certiorari review of the *Boulder* petition, and even if the Supreme Court followed that recommendation (two big "ifs"), Defendants cannot show irreparable harm—a precondition for the issuance of a stay. *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020). Nor can they demonstrate a strong likelihood of success on the merits, *id.*, given that the circuits are unanimous in their rejection of Defendants' federal-common-law theory of removal. Accordingly, this Court should not delay adjudication of

the People's Renewed Motion to Remand based on the speculative and unlikely possibility that the Supreme Court will overturn the Ninth Circuit's decision in *Oakland*.

Dated: October 18, 2022                     Respectfully submitted,

**CITY OF OAKLAND**

*By: /s/ Zoe M. Savitsky*
BARBARA J. PARKER (SBN 069722)
  City Attorney
MARIA BEE (SBN 167716)
  Chief Assistant City Attorney
ZOE M. SAVITSKY (SBN 281616)
  Supervising Deputy City Attorney
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California
Tel.: (510) 238-3601
Fax: (510) 238-6500
zsavitsky@oaklandcityattorney.org

* Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.

**CITY AND COUNTY OF SAN FRANCISCO**

*By: /s/ Ronald H. Lee*
DAVID CHIU (SBN 189542)
  City Attorney
SARA EISENBERG (SBN 269303)
  Chief of Complex and Affirmative Litigation
RONALD H. LEE (SBN 238720)
ROBB W. KAPLA (SBN 238896)
ALEXANDER J. HOLTZMAN (SBN 311813)
  Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Tel.: (415) 554-4748
Fax: (415) 554-4715
Email: ronald.lee@sfcityatty.org

* Pursuant to Civ. L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory.

**SHER EDLING LLP**

VICTOR M. SHER (State Bar #96197)

MATTHEW K. EDLING (State Bar #250940)
MARTIN D. QUIÑONES (State Bar #293318)
KATIE H. JONES (State Bar #300913)
QUENTIN C. KARPILOW (*pro hac vice*)

100 Montgomery St. Ste. 1410
San Francisco, CA 94104
Tel.: (628) 231-2500
vic@sheredling.com
matt@sheredling.com
marty@sheredling.com
katie@sheredling.com
quentin@sheredling.com

**ALTSHULER BERZON LLP**

MICHAEL RUBIN (State Bar #80618)
BARBARA J. CHISHOLM (State Bar #224656)
CORINNE F. JOHNSON (State Bar #287385)

177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
mrubin@altber.com
bchisholm@altber.com
cjohnson@altber.com

*Attorneys for The People*